**DOHERTY v. UNITED STATES.**

No. 4748.

Circuit Court of Appeals, Third Circuit.

Feb. 25, 1932.

I. Faerber Goldenhorn, of Jersey City, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and John W. Griggs, Asst. U. S. Atty., of Paterson, N. J.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of conviction entered on the verdict of a jury.

Two indictments were found against the defendant, Doherty, charging him in both with transporting intoxicating liquor in violation of the National Prohibition Act (27 USCA). They were combined for the purpose of the trial. The one indictment, for transporting intoxicating liquor on June 19, 1931, was No. 3197b on the docket of the United States District Court. The other indictment, No. 3198b on the docket, was for transporting liquor on June 8, 1931. On this last-mentioned indictment the defendant was acquitted.

Defendant says that the judgment should be reversed for two principal reasons: (1) The court erred in consolidating the two indictments for trial; and (2) Doherty was convicted for transporting intoxicating liquor on June 8, 1931, and there was no evidence that the beer which he was transporting that day contained more than one-half of one per cent. of alcohol by volume, and that he was not convicted for transporting liquor on June 19, 1931.

1. Section 1024 of the Revised Statutes of the United States (title 18, § 557, USCA) provides that, "when there are several charges against any person for the same act or transaction * * * or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." Here there were two indictments for the same class of crimes which under the authority of the above statute were properly consolidated, and there was nothing unusual about the indictments or trial that made the consolidation prejudicial to the defendant or that in any way rendered the trial unfair. The consolidation rested in the sound discretion of the trial judge, and nothing appears to indicate that he abused that discretion, for the two offenses of the same class might appropriately have been contained in two counts of one and the same indictment, and in that case it could not have been maintained that each count must have been tried in a separate suit.

2. In support of the second contention, defendant says: "The testimony of the detectives is confusing but at least they corroborated each other and testified that the Exhibits G–1 and G–2, the two bottles of beer, were taken at one and the same time, not on June 8th, but at the second arrest on June 19th (see pages 20 and 21) from fifteen barrels and Lawrence Doherty stands convicted not for transporting beer on June 19th, but on June 8th."

Mr. Thomas L. Beebout, Federal Prohibition Agent, testified as to the arrest for transporting beer on June 19, 1931, and as to the samples taken from the beer seized that day, as follows:

"By Mr. Griggs:

"Q. Mr. Beebout, you are a Federal prohibition agent? A. Yes, sir.

"Q. You were such in June of 1931? A. Yes, sir.

"Q. Did you on June 19th or thereabouts adopt a seizure from the Hudson County detective's office? A. I did.

"Q. What was that seizure, if you know? A. I adopted a White truck containing fifteen halves of beer from Detectives Seiler and Loughran of the Prosecutor's office. We took over the case at the Bayonne police headquarters, together with two prisoners—one Lawrence Doherty, who is present, and a young boy by the name of Walgast. We brought the truck and the drivers to Newark, leaving the truck at the Government Warehouse, and taking Mr. Doherty and the boy to the United States Commissioner Friedman. We questioned Mr. Doherty and he told us he had been arrested on the 8th, a couple of weeks before, for transporting beer. We asked him where the beer came from at the Commissioner's office in the presence of the Commissioner, and he said, 'I can't tell you anything about it. If I give you any information I will rot in jail. If I keep my mouth shut they will bail me out.' We took samples of the beer, sealed them, labeled them, delivered them to the United States chemist. Mr. Doherty was held under $4000 bail, due to his previous charge.

"Mr. Goldenhorn: I ask that that be stricken out as being entirely immaterial.

"The Court: It might be in these circumstances in connection with what the witness said.

"Mr. Goldenhorn: The amount of the bail?

"The Court: Objection overruled.

"Mr. Goldenhorn: I pray an exception.

"(Defendant's counsel prays an exception, which is hereby allowed and sealed accordingly.) (Sealed.)

"Q. I show you these two bottles and ask you if you can identify them—

"Mr. Griggs: Or did I understand counsel to say that was admitted, in order to save time?

"Mr. Goldenhorn: I don't know what the chemical analysis is; it might be beer, it might be near beer.

"A. This is a sample of beer which we took from a White truck, license 34123, the truck we adopted in Bayonne from Detectives Loughran and Seiler. These samples were sealed by myself, signed and my name here where I delivered them to the United States chemist at Newark on the same day.

"Mr. Griggs: I ask that this be marked G–1 for identification.

"(Bottle marked G–1 for identification.)

"Q. I show you this bottle and ask you if you can identify it. A. This is number one. This was taken from another half of beer on the same truck at the same time and followed the same procedure. It also carries my signed name on the side.

"Q. And you delivered it to the chemist? A. In company with Agent McCann.

"Mr. Griggs: I ask that this be marked for identification.

"(Bottle marked G–2 for identification)."

Cross-Examination.

"By Mr. Goldenhorn:

"Q. You didn't give him a sample of the beer, did you? A. We did not.

"The Court: Which truck was this from, which arrest?

"The Witness: The second arrest, your Honor."

Mr. Martin A. Anderson, a government chemist, testified as follows:

"By Mr. Griggs:

"You are a Government chemist, Mr. Anderson? A. I am.

"Q. How long have you been such? A. Approximately three years.

"Mr. Griggs: Any questions as to qualifications?

"Mr. Goldenhorn: No.

"Q. I show you these two bottles, Government Exhibit G–1 for identification and G–2 for identification and ask you what they are. A. I received G–1 * * *

"Mr. Goldenhorn: If he says this is beer in violation of the statute I will admit it, to save time.

"Q. Did you make a chemical analysis of that, Mr. Anderson? A. I did.

"Q. What did you find? A. Found it to be beer with an alcoholic content of 3.93 per cent. by volume.

"Q. Fit for beverage purposes? A. Yes.

"Q. I show you that sample G–2 for identification and ask you what it is. A. G–2 I examined and found to be beer with alcoholic content of 3.86 per cent. by volume. It has the characteristics of beer. They have both been poisoned.

"Q. Is that fit for beverage purposes also? A. Both of them have the characteristics of beer. They were poisoned at the time I received them to stop fermentation.

"Mr. Goldenhorn: No questions."

The jury rendered the following sealed verdicts:

"United States District Court.
"District of New Jersey.
"United States of America vs. Lawrence F. Doherty. 3197b
"Verdict
"Indictment for Transportation and Possession

"We, the jury herein, render our verdict as follows:

"We find Lawrence F. Doherty—guilty
"William E. H. Comfort, Foreman.
"Dated at Trenton, September 18, 1931."

"United States District Court.
"District of New Jersey.
"United States of America vs. Lawrence F. Doherty. 3198b.
"Verdict
"Indictment for Transportation and Possession

"We, the jury herein, render our verdict as follows:

"We find Lawrence F. Doherty—not guilty
"William E. H. Comfort, Foreman.
"Dated at Trenton, September 18, 1931."

The indictment numbered 3197b on the clerk's docket is for the transportation of intoxicating liquor on June 19, 1931, and on this indictment the jury found the defendant guilty. Counsel was mistaken in thinking that he was found guilty on indictment No. 3198b for transporting liquor on June 8, 1931. There was no chemical analysis of this beer in this case. The samples G–1 and G–2, taken from the fifteen barrels of beer seized on June 19, 1931, were analyzed by the government chemist and found to contain, respectively, 3.93 and 3.86 per cent. of alcohol by volume. These facts sustain the verdict of the jury.

We do not find that the trial judge erred, and the judgment is affirmed.