## McELROY *v.* UNITED STATES.

ERROR TO · THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No. 402. Submitted October 13, 1896. — Decided November 2, 1896.

G., B., H., C., S. and J. were indicted April 16 for assault with intent to kill EM.; also, on the same day, for assault with intent to kill SM.; also, May 1, for arson of the dwelling house of EM.; and, on the same 16th of April, G., B. and H. were indicted for arson of the dwelling house of BM. The court ordered the four indictments consolidated. All the defendants except J. were then tried together, and the trials resulted in separate verdicts of conviction, and the prisoners so convicted were severally sentenced to terms of imprisonment. *Held,* that the several charges in the four indictments were for offences separate and distinct, complete in themselves, independent of each other, and not provable by the same evidence; and that their consolidation was not authorized by Rev. Stat. § 1024.

Such a joinder cannot be sustained where the parties are not the same, and where the offences are in nowise parts of the same transaction, and depend upon evidence of a different state of facts as to each or some of them.

THE case is stated in the opinion.

*Mr. William M. Cravens* for plaintiffs in error.

*Mr. Assistant Attorney General Dickinson* for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

George McElroy, John C. W. Bland, Henry Hook, Charles Hook, Thomas Stufflebeam and Joe Jennings were indicted in the district Court for the Western District of Arkansas for assault with intent to kill Elizabeth Miller, April 16, 1894, the indictment being numbered 5332; also for assault with intent to kill Sherman Miller, on the same day, the indictment being numbered 5333; also for arson of the dwelling house of one Eugene Miller, May 1, 1894, the indictment being numbered 5334. Three of these defendants, namely,

George McElroy, John C. W. Bland and Henry Hook, were also indicted for the arson of the dwelling house of one Bruce Miller, April 16, 1894, the indictment being numbered 4843. It does not appear that Jennings was tried. The court ordered the four indictments consolidated for trial, to which each of the five defendants duly excepted. Trial was then had and resulted in separate verdicts finding the defendants guilty, and, after the overruling of motions for new trial and in arrest, they were severally sentenced on each indictment to separate and successive terms in the penitentiary, and sued out this writ of error.

The consequence of this order of consolidation was that defendants Stufflebeam and Charles Hook were tried on three separate indictments against them and three other defendants, consolidated with another indictment against the other defendants for an offence with which the former were not charged, while an indictment for feloniously firing the dwelling house of one person on a certain day was tried with an indictment for arson committed a fortnight after in respect of the dwelling house of another person.

Section 1024 of the Revised Statutes is as follows: " When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offences, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts ; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The order of consolidation under this statute put all the counts contained in the four indictments in the same category as if they were separate counts of one indictment, and we are met on the threshold with the inquiry whether counts against five defendants can be coupled with a count against part of them or offences charged to have been committed by all at one time can be joined with another and distinct offence committed by part of them at a different time.

The statute was much considered in *Pointer* v. *United States,*

151 U. S. 396, 403.  In that case the defendant was charged
in different counts with two murders alleged to have been
committed on the same day and in the same county and
district, and moved to quash on that ground, which motion
was denied.  Before the case was opened to the jury for the
government the defendant moved that the district attorney
be required to elect on which count of the indictment he
would claim a conviction.  The motion was overruled, and he
was required to go to trial upon all the counts.  Upon the
conclusion of the evidence the defendant renewed the motion
that the government be required to elect upon which count of
the indictment it would prosecute him, but this motion was
overruled.  The jury found separate verdicts of guilty of each
murder as charged in the appropriate count.  This court,
speaking through Mr. Justice Harlan, said: " While recogniz-
ing as fundamental the principle that the court must not
permit the defendant to be embarrassed in his defence by a
multiplicity of charges embraced in one indictment and to
be tried by one jury, and while conceding that regularly or
usually an indictment should not include more than one felony,
the authorities concur in holding that a joinder in one indict-
ment, in separate counts, of different felonies, at least of the
same class or grade, and subject to the same punishment, is
not necessarily fatal to the indictment upon demurrer or upon
motion to quash or on motion in arrest of judgment, and does
not, in every case, by reason alone of such joinder, make it
the duty of the court, upon motion of the accused, to compel
the prosecutor to elect upon what one of the charges he will
go to trial."  It was decided that it could not be held from
anything on the face of the indictment that the trial court
erred or abused its discretion in overruling the defendant's
motion to quash the indictment, or his motions for an election
by the government between the two charges of murder.  The
indictment showed that the two murders were committed on
the same day, in the same county and district, and with the
same kind of an instrument, and these facts justified the trial
court in forbearing at the beginning of the trial to compel an
election.  And when the evidence was closed it appeared

therefrom that the two murders were committed at the same place, on the same occasion, and under such circumstances that the proof in respect of one necessarily threw light upon the other; and that " there was such close connection between the two felonies, in respect of time, place and occasion, that it was difficult, if not impossible, to separate the proof of one charge from the proof of another." As it was apparent that the substantial rights of the accused were not prejudiced by the action of the trial court, we declined to reverse on the ground of error therein.

It will be perceived that the two offences were charged against one and the same defendant, and that the case disclosed such concurrence as to place, time and circumstances as rendered the proof the same as to both, and made the two alleged murders substantially parts of the same transaction.

In the case at bar, the two indictments for assault with intent to kill on April 16, 1894, and the indictment for arson on May 1, 1894, were against all of the defendants, while the indictment for arson committed April 16, 1894, the same day of the alleged assaults with intent to kill, was against three of the defendants and not against the others.

On the face of the indictments there was no connection between the acts charged as committed April 16 and the arson alleged to have been committed two weeks later, on which last occasion the government's testimony, according to the record, showed that the two defendants Charles Hook and Thomas Stufflebeam were not present. The record also discloses that there was no evidence offered tending to show that there had been or was a conspiracy between defendants, or them and other parties, to commit the alleged crimes.

The several charges in the four indictments were not against the same persons, nor were they for the same act or transaction, nor for two or more acts or transactions connected together; and in our opinion they were not for two or more acts or transactions of the same class of crimes or offences which might be properly joined, because they were substantive offences, separate and distinct, complete in themselves and independent of each other, committed at different times and

not provable by the same evidence. In cases of felony, the multiplication of distinct charges has been considered so objectionable as tending to confound the accused in his defence, or to prejudice him as to his challenges, in the matter of being held out to be habitually criminal, in the distraction of the attention of the jury, or otherwise, that it is the settled rule in England and in many of our States, to confine the indictment to one distinct offence or restrict the evidence to one transaction. *Young* v. *The King*, 3 T. R. 98, 106; *Reg.* v. *Heywood*, Leigh & Cave C. C. 451; Tindal, C. J., *O'Connell* v. *Reg.*, 11 Cl. & Fin. 241; *Reg.* v. *Ward*, 10 Cox C. C. 42; *Rex* v. *Young*, Russ. & Ry. 280; *Reg.* v. *Lonsdale*, 4 Fost. & Fin. 56; *Goodhue* v. *People*, 94 Illinois, 37; *State* v. *Nelson*, 8 N. H. 163; *People* v. *Aiken*, 66 Michigan, 460; *Williams* v. *State*, 77 Alabama, 53; *State* v. *Hutchings*, 24 S. C. 142; *State* v. *McNeill*, 93 N. C. 552; *State* v. *Daubert*, 42 Missouri, 242; 1 Bish. Cr. Proc. § 259. Necessarily where the accused is deprived of a substantial right by the action of the trial court, such action, having been properly objected to, is revisable on error.

It is clear that the statute does not authorize the consolidation of indictments in such a way that some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried. And even if the defendants are the same in all the indictments consolidated, we do not think the statute authorizes the joinder of distinct felonies, not provable by the same evidence and in no sense resulting from the same series of acts.

Under the third clause relating to several charges " for two or more acts or transactions of the same class of crimes or offences," it is only when they " may be properly joined " that the joinder is permitted, the statute thus leaving it for the court to determine whether in any given case a joinder of two or more offences in one indictment against the same person " is consistent with the settled principles of criminal law," as stated in *Pointer's case.*

It is admitted by the government that the judgments against Stufflebeam and Charles Hook must be reversed, but it is contended that the judgments as to the other three defendants

should. be affirmed because there is nothing in the record to show that they were prejudiced or embarrassed in their defence by the course pursued. But we do not concur in this view. While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained where the parties are not the same and where the offences are in nowise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defence, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions. The order of consolidation was not authorized by statute and did not rest in mere discretion.

> *Judgment reversed as to all the defendants and cause remanded with directions to grant a new trial and for further proceedings in conformity with this opinion.*

Mr. Justice Brewer and Mr. Justice Peckham concurred in the reversal as to Stufflebeam and Charles Hook only.