## SLICK v. UNITED STATES.

(Circuit Court of Appeals. Seventh Circuit. September 3, 1924.)

No. 3338.

**1. Criminal law ⊂⊃619—Indictments held properly consolidated for trial.**

Two indictments against defendant, each charging the making of a false and fraudulent income tax return, but for different years, *held*

1 F.(2d)—57

properly consolidated for trial, under Rev. St. § 1024 (Comp. St. § 1690).

**2. Criminal law ⊂⊃163—Exacting penalty for false return not bar to criminal prosecution.**

That the department penalized defendant for failure to make a true income return is not a bar to a criminal prosecution for making a false return.

**3. Criminal law ⊂⊃1170½(5) — Cross-examination of defendant held not prejudicial error.**

Questions asked a defendant on his cross-examination, while perhaps not justified, *held* not prejudicial.

**4. Witnesses ⊂⊃52(7)—Testimony of defendant's wife held inadmissible.**

Testimony of defendant's wife, in corroboration of his own, *held* inadmissible.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Criminal prosecution by the United States against Lincoln E. Slick. Judgment of conviction, and defendant brings error. Affirmed.

Lincoln E. Slick, hereinafter called defendant, was twice indicted for making false and fraudulent income tax return. One indictment, containing two counts, dealt with the return for 1917, and the other indictment, also containing two similar counts, dealt with the year 1918. One count charged defendant with making a false and fraudulent report with intent to defeat and evade the payment of his income tax. The other count charged him with making a false and fraudulent income tax report for the purpose of defeating and evading the assessment of his income tax. The two indictments were consolidated and tried together; defendant being found guilty upon counts covering the 1917 return, and not guilty under the other indictment.

Defendant assigns error because (a) of the alleged erroneous consolidation of the two indictments; (b) of the imposition of a sentence after defendant had been previously penalized; (c) the evidence did not support the verdict; (d) of improper remarks of counsel; (e) of improper admission of evidence; (f) of erroneous instructions to the jury.

Lott R. Herrick, of Farmer City, Ill., for plaintiff in error.

Geo. N. Murdock, of Chicago, Ill., for defendant in error.

Before EVAN A. EVANS and PAGE, Circuit Judges, and GEIGER, District Judge.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). [1] In view of

the statute (section 1024, R. S. [Comp. St. § 1690]), and the numerous decisions construing it (Williams v. United. States, 168 U. S. 390, 18 S. Ct. 92, 42 L. Ed. 509; Pointer v. United States, 151 U. S. 400, 14 S. Ct. 410, 38 L. Ed. 208; Bartlett v. Lockwood, 160 U. S. 357, 16 S. Ct. 334, 40 L. Ed. 455; McElroy v. United States, 164 U. S. 77, 17 S. Ct. 31, 41 L. Ed. 355), we reject as without merit the contention that the court erred in consolidating the two indictments. It would have been an abuse of discretion not to consolidate them.

[2] Because defendant was penalized by the Internal Revenue Department for failure to insert in his income tax return all of his income, the contention is now made that defendant has been twice put in jeopardy. No cases are cited in support of this view, and it is dismissed as being without merit. Kepner v. United States, 195 U. S. 129, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655.

The record has been carefully examined to properly consider defendant's urge that the evidence does not support the verdict. We agree with the trial judge that the issue of defendant's guilt was for the jury to determine. It appears that defendant was a grain dealer, who operated upon the Board of Trade as an individual, and also represented a corporation known as L. E. Slick & Co., of which he was president and general manager. His return showed a taxable income for the year 1917 of about $5,000. There was ample evidence showing defendant's true taxable income for this year to have been $105,000. The income not included in his return came from certain grain transactions which he had on the Board of Trade, his profits upon dealing through one brokerage firm being $82,741.46.

That defendant's return was incorrect is conceded by him. But in justification thereof he asserts that he wrote a letter which accompanied his report, which reads: "Dear Sir: In inclosing to you our personal income tax report for the year 1917, we beg to advise that we have omitted from this report all profits derived from the grain business, awaiting the adjustment of several accounts. This will come to you later on."

Defendant's stenographer corroborated him in his statement that such letter was written. But other testimony made the writing and mailing of this letter a sharply controverted issue in the case. For example, the treasury agent stated that he had interrogated defendant concerning his income

tax report and inquired about the transactions on the Board of Trade. Defendant's reply was that he had forgotten about one of these transactions, and that others were conducted by him on the Board of Trade "for friends and others." He likewise denied having received from the broker E. B. Conover & Co. the $82,741.46, which represented his profits. Later, when unable to produce the checks showing payments to his "friends and others" for whom he had dealt on the Board of Trade, he stated that he "had been buying a good deal of land and that he had it on hand and he didn't feel that was income until he received possession of the land." Still later he wrote a letter to the treasury agent, wherein he advanced a different and inconsistent reason for not inserting these accounts. He said: "Can only say that all the speculative accounts or Board of Trade transactions was held out from our account; that they were in litigation and are still in litigation."

Up to the time of the trial, and throughout the entire investigation by the Treasury Department, he never once asserted that he had written the letter upon which he now relies so strongly. Doubt was thrown upon defendant's story, as well as on that of his stenographer, when it appeared that the shorthand notes were written on a loose leaf, the possession of which was by the stenographer turned over to defendant very shortly after the letter was written.

More than this, the Treasury Department assessed a large penalty (some $29,000) because of defendant's failure to insert in his return these omitted items. His failure to refer to this letter to prevent the imposition of the penalty was in no manner explained, and such failure to speak, when silence was so unnatural, to say nothing of the reasons advanced, inconsistent with the excuse which this letter affords, was, no doubt, persuasive with the jury. Under all the circumstances, we conclude the evidence supports the verdict.

[3] Defendant was asked on cross-examination:

"You are a sane man, aren't you, Mr. Slick?"

"I think I am."

"And you thought so in the first two or three months of 1917, 1918, and 1919, did you?

"I didn't think about it at that time."

While these questions and answers might well have been omitted, defendant's counsel invited them, when on a previous occasion he said:

"The jury have a right to know that it was generally known (referring to the earnings of L. E. Slick in speculative grain transactions on his own account) and a man would either be an idiot or insane to try and conceal from the government anything that was known there at all.

"Mr. H.: You are trying to make an argument?

"Mr. W.: No, sir; it is an inference upon which I will argue."

Having suggested that defendant was either an "idiot or insane" to try and conceal his income from the government, the prosecuting attorney had some, though small, justification for asking the question. This evidence at most was not prejudicial.

[4] Complaint is also made because the judge refused to admit the testimony of defendant's wife. Defendant offered to prove by this witness that she came to the office of her husband and while waiting for him, happened to see his income tax report which she read, and also observed the letter addressed to Mr. Pickering (the government treasury official), which she read, and that when her husband was about to leave the office, in her presence, he signed the letter and put it in the envelope. Such evidence, coming from the wife, was inadmissible. Graff v. People, 208 Ill. 318, 70 N. E. 299.

We have examined the other assignments of error, including the attack on the charge to the jury, and find no reversible error.

The judgment is affirmed.