SASSER et al. v. UNITED STATES. *

Circuit Court of Appeals, Fifth Circuit.
November 7, 1928.

No. 5236.

*Rehearing denied December 19, 1928. Certiorari denied 49 S. Ct. 250, 73 L. Ed. —-.

James A. Branch, of Atlanta, Ga., H. A. Hall, of Newnan, Ga., and E. Clem Powers and Frank A. Hooper, both of Atlanta, Ga. (Jones, Evins, Powers & Jones, Hooper & Hooper, and Wm. Schley Howard, all of Atlanta, Ga., on the brief), for appellants.

Clint W. Hager, U. S. Atty., of Atlanta, Ga. (Edw. S. Chastain, Asst. U. S. Atty., and Hugh Howell, Sp. Asst. U. S. Atty., both of Atlanta, Ga., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This was a prosecution upon an indictment against the defendants Manley, Sasser, Baker, Adams, and Russell, which charged those defendants with using the mails for the purpose of executing a scheme for obtaining money from a large number of banks by means of false and fraudulent pretenses, representations, and promises, in violation of section 215 of the Criminal Code (18 USCA § 338). The indictment was in 20 counts. The scheme was set out in detail in the first count, and adopted by reference in all the other counts; the only material difference between the counts being that a different letter was set out in each, and alleged to have been mailed to some one of the banks intended to be defrauded.

The scheme alleged was disclosed by averments of the indictment to the following effect: The defendants were officers, trustees, and agents of the Bankers' Trust Company, and as such exercised complete control in the management and direction of its affairs. The Bankers' Trust Company was the financial agent of more than 100 state banks in Georgia and Florida, known as "Witham banks," and represented such banks in placing call loans and in making loans on commercial paper. It maintained a fund, known as "Depositors' Guarantee Fund," for the purpose of protecting from liability stockholders of any bank which might fail, and it also undertook to supply funds to any member bank from other member banks upon collateral which it might approve or recommend. The defendants having control of the trust company and of the trust funds received from member banks, conceived the scheme to defraud the member banks by recommending loans on worthless securities of the guaranty funds, and various other funds received by them in behalf of the trust company from time to time.

The evidence fully sustains the conclusion that defendants did the things which it was alleged they planned to do. Manley was president, Sasser was vice president, Russell was secretary, Baker was treasurer, and Adams was vice president of the trust company for some time prior to July 13, 1926, when it failed. At all times during the period covered by the indictment the defendants were directors or executive officers of the trust company, and no one else had any control over its affairs. A very large proportion of the funds of member banks was lost as a result of defendants' conduct.

There is no doubt of the perpetration of the fraudulent scheme alleged, but each of the defendants on trial sought to lay the blame on some one else. Manley was not placed on trial. Sasser was convicted on counts 1 and 5, but has died since the trial. Baker was convicted on counts 5 and 7, but has not appealed. Adams and Russell have appealed. Adams was convicted on counts 1 and 20. There was evidence that the letter relied on in the first count was signed by him. Russell was convicted on counts 8 and 16. The sentence imposed on each defendant was not greater than was authorized under any one count.

They assign error on (1) a charge to the effect that it was not essential to prove every element or part of the scheme alleged in the indictment, but that conviction could be had upon proof of sufficient elements or parts so alleged that were adequate to constitute a scheme to defraud; (2) the denial of a motion to direct a verdict for lack of evidence; and (3) the overruling of a motion in arrest of judgment based on the grounds that defendants were convicted upon a joint indictment of separate and distinct offenses, not jointly participated in by all of them, and that the verdict on the counts on which they were convicted was inconsistent and void.

1. We are of opinion that the part of the charge complained of was correct. No single one of the representations alleged to be false was so closely connected with the scheme alleged as to be descriptive of it, and

many of them might well have been treated as surplusage. It was sufficient to prove enough of the false representations alleged in the indictment to constitute an offense. 1 Bishop's New Cr. Proc. § 434; 3 Bishop's New Cr. Proc. §§ 171, 233; 2 Bishop's New Cr. Law, § 418; Bailey v. U. S. (C. C. A.) 5 F.(2d) 437; Popham v. U. S. (C. C. A.) 11 F.(2d) 966.

2. As already stated the existence of the scheme was not seriously in dispute, and there was abundant evidence to show the guilty connection of each defendant with it. Adams signed the letter set out in the first count. It was not shown that Russell signed any of the letters; but, if he was a party to the scheme, it was immaterial that the letters were signed and mailed by other defendants. Partnership in crime being established against all the defendants, the act of any defendant in furtherance of the common criminal plan was the act of all. Davis v. U. S. (C. C. A.) 12 F.(2d) 253.

3. The defendants were jointly indicted for the several offenses charged in the various counts. Those offenses were of the same class, and their joinder was authorized by R. S. § 1024 (18 USCA § 556). It was not error to deny the motion in arrest, notwithstanding the fact that the defendants were not all convicted on the same counts.

The indictment alleged only one scheme, and the testimony failed to show that there were separate and distinct offenses committed by one or more of the defendants independently of the others. Defendants rely on the cases of McElroy v. U. S., 164 U. S. 76, 17 S. Ct. 31, 41 L. Ed. 355, Coco v. U. S. (C. C. A.) 289 F. 33, and Zedd v. U. S. (C. C. A.) 11 F.(2d) 96. The McElroy Case is so different from this that there is no need to discuss it. See Davis v. U. S., supra. Where two defendants commit crimes, even of the same class, but act independently of each other, they should not be tried together. As we understand it, that is all that was held in the Coco Case. In the Zedd Case the statement of facts is not sufficiently full to determine whether the defendant Kizzie Reeves was charged with the same offense as were the other two defendants. If she was not, the case does not sustain the contention of defendants; but, if she was, then we are unable to see that there could have been any objection to a joint trial, as apparently Zedd and his wife were charged with the same offense.

The contention that the verdict was inconsistent does not seem to be one that can be advanced by Adams, as he was convicted on the first count, and the sentence is not greater than could have been imposed, if he had not been convicted on any other count. Russell urges that the verdict is inconsistent as to him, because it means that he was not guilty of participation in the scheme charged in the first count, and therefore could not be found guilty of participating in the same scheme as charged in the counts on which he was convicted. The verdict might have been illogical, but it is not inconsistent from a legal standpoint. As the scheme alleged was the same in all the counts, he was found guilty of being a participant in it by his conviction on two of the counts. An inconsistent verdict is one that is contradictory or legally incorrect, as where, on a charge of conspiracy, one of two defendants is convicted and the other is acquitted. A verdict is not inconsistent that is consistent with itself. See Weiderman v. U. S. (C. C. A.) 10 F.(2d) 745; Seiden v. U. S. (C. C. A.) 16 F.(2d) 197. The crime is one that is capable of being committed by one or more persons, and it is no objection that only one defendant is convicted, and the others are acquitted, on any count.

Error is not made to appear by any of the assignments, and the judgment is affirmed.