## CASTELLINI v. UNITED STATES.
### No. 6278.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1933.

Coleman Avery and Edward T. Dixon, both of Cincinnati, Ohio, for appellant.

Harry A. Abrams, of Cincinnati, Ohio (Haveth E. Mau, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellant was president and director of the Brotherhood of Railway Clerks National Bank of Cincinnati, Ohio. Lyman E. Norris was its executive vice president, and Harry Rosenblum its cashier. The government preferred an indictment, No. 3983, containing twenty-seven counts, against appellant, Norris, and Rosenblum. The first twenty-six counts charged that they on different dates made and caused to be made false entries in the books of the bank. The twenty-seventh count charged the making of a false report to the Comptroller of the Currency. Upon the trial, the fourth and twenty-seventh counts were dismissed. In a separate indictment, No. 3987, containing two counts, appellant and Norris were charged with having, on different dates, misapplied funds of the bank.

Norris and Rosenblum entered a plea of guilty to certain counts of indictment No. 3983. On October 16, 1930, appellant entered a plea of not guilty to both indictments. The cases came on for trial against appellant alone on March 9, 1931, at which time the government moved to consolidate the two indictments, which motion was sustained. Thereupon appellant moved to require the government to elect upon which indictment it would seek a conviction. This motion was overruled. Appellant was acquitted upon indictment No. 3983 and upon the second count of indictment No. 3987. He was, however, convicted upon the first count of indictment No. 3987.

Error is assigned upon the order consolidating the indictments and upon the refusal to require an election. We think that the indictments should not have been consolidated, and we are of the opinion further that, having ordered the consolidation, the court should have required an election. The statutory authority for consolidating indictments is found in title 18, § 557, U. S. C. (18 USCA § 557), R. S. § 1024, printed in the margin.[1]

---

[1] "§ 557. *Same; joinder of charges.* When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two

This section originated with the Act of Feb. 26, 1853 (10 Stat. 161), to regulate fees and costs, and, after the word "person" found therein, there appeared the words "or persons." When the act was carried into the Revised Statutes at section 1024, the words "or persons" were eliminated. This would indicate that R. S. § 1024, applied to cases where one person only was a defendant in each indictment, but by construction this section has been extended to indictments where two or more defendants were the same in each indictment or in all. Emanuel v. U. S., 196 F. 317, 320 (C. C. A. 2); Davis v. U. S., 12 F.(2d) 253, 256 (C. C. A. 5).

But that is not this case. The defendants were not the same in each indictment. Rosenblum was a defendant in No. 3983 only. It is not controlling that appellant was placed upon trial alone, for the test by which consolidation should be determined is, not who was to be tried, but what appeared upon the face of the indictments? In De Luca v. U. S., 299 F. 741, 744 (C. C. A. 2), it was said: "The statute makes the test what appears on the face of the bills themselves. It does not depend in any degree upon the order in which the prosecutor intends to bring the defendants to trial."

The various counts of indictment No. 3983, except count 22, charged, in substance, that appellant, jointly with Norris and Rosenblum, at different times and on different occasions, made or caused to be made, entries upon the bond and securities ledger of the bank, each of which entries reflected a purchase of a lesser number of Cities Service Company 5 per cent gold debenture bonds with warrants, due March 1, 1969, than were actually acquired. Count 22 contained a similar allegation with reference to bonds of Bristol, Va., Gas & Electric Company.

The two counts of indictment No. 3987 charged appellant and Norris only with a misapplication of funds upon different dates and occasions. The substance of the first count of this indictment was that appellant and Norris purchased for the bank ten of the Cities Service Company bonds above referred to and thereafter sold them for $11,195.83; that they received the proceeds in the form of a check drawn on the Fifth-Third Union Trust Company of Cincinnati and payable to the bank; that they exchanged this check for a cashier's check of the Fifth-Third Union Trust Company, and payable to the bank, and caused the cashier's check to be delivered to the commercial teller of the bank to repay advances made by the bank to Ellison & Co., of which company appellant was a partner, for the purchase by Ellison & Co. of eighty-eight shares of the stock of the bank; and that, as a result, the proceeds of the check were lost to the bank and its assets proportionately depleted.

The second count of indictment No. 3987 charged appellant and Norris with a somewhat similar misapplication upon a different date of the sum of $383.89. In the sense that the offenses of misapplication of funds and of making false entries are created by the same act (section 592, tit. 12, U. S. C. [12 USCA § 592]), they each belong to the same general class, but, as indicated, the allegations of each count of both indictments were based upon separate and distinct acts and transactions, and, when the indictments were consolidated, the counts of each must be regarded as separate counts of the consolidated indictment (McElroy v. U. S., 164 U. S. 76, 17 S. Ct. 31, 41 L. Ed. 355; De Luca v. U. S., supra), and, when so regarded, it is apparent that the consolidated indictment charged separate and distinct offenses not all provable against the same defendants.

We think, therefore, that the question of consolidation as well as of election after consolidation should have been ruled by McElroy v. U. S., at page 80 of 164 U. S., 17 S. Ct. 31, 32, supra, wherein the court said:

"It is clear that the statute does not authorize the consolidation of indictments in such a way that some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried. And, even if the defendants are the same in all the indictments consolidated, we do not think the statute authorizes the joinder of distinct felonies, not provable by the same evidence, and in no sense resulting from the same series of acts.

"Under the third clause, relating to several charges 'for two or more acts or transactions of the same class of crimes or offenses,' it is only when they 'may be properly joined' that the joinder is permitted, the statute thus leaving it for the court to determine whether in any given case a joinder of two or more offenses in one indictment against the same person 'is consistent with the settled principles of criminal law,' as stated in Pointer's Case."

Upon the specific matter of election we think the following quotation from Pointer's

or more indictments are found in such cases, the court may order them to be consolidated. (R. S. § 1024.)"

Case, 151 U. S. 396, at page 403, 14 S. Ct. 410, 412, 38 L. Ed. 208, is apposite:

"If it be discovered at any time during a trial that the substantial rights of the accused may be prejudiced by a submission to the same jury of more than one distinct charge of felony among two or more of the same class, the court, according to the established principles of criminal law, can compel an election by the prosecutor. That discretion has not been taken away by section 1024 of the Revised Statutes. On the contrary, that section is consistent with the settled rule that the court, in its discretion, may compel an election when it appears from the indictment, or from the evidence, that the prisoner may be embarrassed in his defense, if that course be not pursued."

We cannot, but regard it as prejudicial to the right of appellant to a fair and impartial trial, that he should be required to stand trial at the same time and before the same jury upon twenty-five counts of one indictment, each charging him jointly with two others with a felony, and upon two counts of another indictment, each charging him jointly with one other with another and distinct felony. The case on this point, it seems to us, is clearly distinguishable from the cases of Williams v. United States, 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509, and Kelly v. United States, 258 F. 392 (C. C. A. 6).

Nor will it suffice to say that appellant's acquittal upon the counts for making false entries cured the defect of a misjoinder. Such a proposition in the situation before us overlooks the reason for the rule announced in the McElroy Case; i. e., that appellant should not, according to the ancient formula, "be confounded in the making of his defense." Dolan v. U. S., 133 F. 440, 446 (C. C. A. 8); Gallaghan v. U. S., 299 F. 172, 174 (C. C. A. 8); Brown v. U. S., 143 F. 60, 67 (C. C. A. 8).

The necessity for the rule cannot be better demonstrated than by the course of the trial, which continued for something like two weeks, and which is reflected in a bill of exceptions of five hundred and eighty pages. In addition, the government introduced more than two hundred documentary exhibits, the greater number of which were relevant to the counts of indictment No. 3983, and very few of which were relevant to the counts of both indictments, and many of which were of such technical nature as to be readily understandable only to one versed in the business of banking. The government also confronted appellant with the testimony of Norris and Rosenblum, accomplices, who were at the time awaiting judgment upon their pleas of guilty. Their testimony alone covers one hundred and thirty-three pages of the record. Portions of it tended to sustain the counts of each indictment, but very little of it was relevant to both. The same is true with reference to the testimony of a large number of other witnesses introduced by the government.

For the errors indicated, and without discussing the other assignments of error, the judgment is reversed, and a new trial awarded. We cannot say that these errors did not prejudice appellant in his substantial rights.