## UNITED STATES v. GLASS et al.
### Nos. 20438, 20439, 20457.

District Court, W. D. Kentucky.
Dec. 9, 1939.

Eli H. Brown, Dist. Atty., and J. Dudley Inman, Asst. Dist. Atty., both of Louisville, Ky., for plaintiff.

R. C. Boyce, of Nashville, Tenn., and Ollie James Cohen, of Louisville, Ky., for defendant.

MILLER, District Judge.

This action is before the Court on the motion of the defendant Harold Glass for a new trial in each of the three above styled causes on the ground that the Court erred in ordering certain of the causes heard together before a single jury at the same time, over the defendant's objections.

In indictment No. 20438 the defendants Harold Glass and Robert Simms were jointly charged with unlawful traffic in heroin on May 21st, 1939, the first count charging the unlawful sale of the heroin, the second count charging the unlawful purchase of the heroin, and the third count charging the unlawful concealment of the heroin after importation.

In indictment No. 20439 the defendant Harold Glass was charged with unlawful traffic in heroin on the 6th of May 1939, the indictment containing three counts similar to those in indictment No. 20438.

In indictment No. 20457 the defendants Harold Glass and Maggie Hall were jointly indicted for unlawful traffic in heroin on the 3rd of August 1939, the first count charging the unlawful purchase of the heroin and the second count charging the unlawful concealment of the heroin after importation.

In indictment No. 20440 the defendant Maggie Hall was charged with unlawful traffic in heroin on the 7th day of May, 1939, the 9th of May 1939, and the 14th of May 1939. The indictment contained nine counts charging the three offenses on each day of the sale of heroin, the purchase of heroin, and the concealment of heroin after importation.

The purchase and sale of heroin under the conditions alleged to exist are offenses under 26 U.S.C.A. § 1043(a). The concealment of heroin after importation under the conditions alleged in the indictments is an offense under 21 U.S.C.A. § 174. The government moved that all four indictments be heard jointly before a single jury at the same time. This motion was overruled, but the court ordered that indictments No. 20438 and 20439, the first involving Glass and Simms together, and the second involving Glass alone, be heard together, and that indictments No. 20457 and 20440, the first involving Glass and Hall jointly, and the second involving Hall alone, be heard together. The defendant Glass objected to these orders on the ground that he was entitled to a separate trial in each of the three indictments involving him.

In indictments No. 20438 and 20439 the jury rendered separate verdicts on all six counts finding both defendants guilty under the three counts in the indictment No. 20438, and the defendant Glass guilty on all three counts in indictment No. 20439. In the joint trial of the other two indictments the defendant Maggie Hall at the close of all of the evidence changed her plea from not guilty to a plea of guilty in both indictments, and indictment No. 20440 containing the nine counts against Maggie Hall alone was withdrawn from the consideration of the jury. In indictment No. 20457, being against Glass and Hall jointly, the issue as to Maggie Hall

was withdrawn from the jury and the jury was instructed to direct their attention only to the defendant Harold Glass. In this indictment the jury returned a verdict of guilty against the defendant on both counts. The defendant Glass has moved for a new trial in each of the three indictments in which verdicts of guilty were returned against him on the ground of improper consolidation of indictments.

Most of the brief of counsel for Glass is devoted to a discussion of the principles applicable to an order consolidating indictments. Reference is made to 18 U.S.C.A. § 557 (R.S. § 1024) and authorities are cited construing that Section. It provides as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The authorities cited, and others hereinafter referred to, hold that an indictment can not join counts against different defendants, and that a consolidation of indictments is only proper where they could have been joined in separate counts. McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355; Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; De Luca v. United States, 2 Cir., 299 F. 741; Turner v. United States, 5 Cir., 66 F. 280. But in the opinion of the court this question is not the one which is now before the court for consideration. The indictments were not consolidated. On the contrary, each indictment retained its separate identity and separate verdicts were rendered on each count of each indictment. The order entered was not a consolidation of the indictments but was to the effect that the two indictments in each instance would be tried together and at the same time. In Betts v. United States, 1 Cir., 132 F. 228, 234, the court held that such an order was not a consolidation of the indictments in the proper sense of the word. The question therefore is not if there was an improper consolidation of indictments, but rather whether or not the

court erred in ordering two indictments involving different defendants to be heard together.

28 U.S.C.A. § 734 (R.S. § 921) provides as follows:

"When causes of a like nature or relative to the same question are pending before a court of the United States, or of any Territory, the court may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The consolidation of causes for trial before a single jury under this section of the Judicial Code rests in the discretion of the trial court, subject to the restriction that a consolidation for trial should not be ordered where it would result in prejudice to the defendant or prevent him from obtaining a fair trial. This would seem to be the rule irrespective of statutory authority. In Morris v. United States, 9 Cir., 12 F.2d 727, 729, such a consolidation for trial by a single jury was approved although the defendants were not the same in all the indictments. In that case the Circuit Court of Appeals said:

"Irrespective of statutory authority the consolidation of indictments for trial as was done in this case ordinarily rests in the court's sound discretion, a discretion to be exercised with a view to the avoidance of unnecessary delay and expense and in the interest of both parties, except in a case where the charges are of such a nature that consolidation will result in prejudice to the defendant or embarrassment in the presentation of his defense. Logan v. United States, 144 U.S. 263, 296, 12 S.Ct. 617, 36 L.Ed. 429; Brown v. United States [8 Cir.] 143 F. 60, 74 C.C.A. 214."

Likewise in Davis v. United States, 5 Cir., 12 F.2d 253, three indictments involving different defendants were consolidated for trial over the objection of all the defendants, which ruling was affirmed by the Circuit Court of Appeals. On the other hand, in Zedd v. United States, 4 Cir., 11 F.2d 96, the Court held that such a consolidation for trial was improper. In Pankratz Lumber Co. v. United States, 9 Cir., 50 F.2d 174, the Court approved such a consolidation of indictments for trial before a single jury with the statement that such procedure was proper with the con-

sent of the parties, leaving undecided what would be the effect of such an order over the objection of the defendant. In McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355, four indictments involving different defendants were consolidated for trial over the objections of the defendants, and the Supreme Court set aside the judgment of conviction. Defendant relies strongly upon that case as sustaining his contention, but it would appear that the judgment was reversed not only because the defendants were different, but also because the indictments were not for two or more acts connected together or of the same class of crimes or offenses which might be properly joined. This decision of the Supreme Court was referred to and distinguished in the opinion of the Circuit Court of Appeals for the 5th Circuit in Davis v. United States, supra.

It is difficult to see how the consolidation for trial of indictments No. 20438 and 20439 could have prejudiced the defendant Glass in any way. In No. 20438 Glass was indicted jointly with Simms, and properly so under 18 U.S.C.A. § 557. Accordingly, it was proper for Glass to be tried jointly with Simms on that indictment. The fact that another indictment, No. 20439, against Glass alone was also heard at the same time, might have been prejudicial to Simms but not as to Glass. Insofar as Glass was concerned the two indictments involved the same three offenses, three occurring on May 6, 1939 and three occurring May 21, 1939. If the government had elected to disregard Simms in the one indictment all six counts of the two indictments could have been combined in one indictment against Glass under the provisions of 18 U.S.C.A. § 557, and of course would have been heard at the same time before a single jury.

In the case of the other two indictments, one against Glass and Hall jointly, and the other against Hall individually, the charges against Hall were withdrawn from the jury before the case was submitted for its verdict, and the case resolved itself into one single indictment against Glass alone. The jury was instructed to disregard the evidence as against the defendant Hall except insofar as it involved the defendant Glass by reason of their joint activities in the offense charged in indictment No. 20457. It is presumed that the jury heeded the instructions of the court to this effect.

The court is of the opinion that it had the authority to order the two indictments in each instance to be heard together in order to avoid unnecessary delay and expense in the expedition of its business and that no prejudice resulted to the defendant by reason of such consolidation of indictments for trial. Defendant's motion for a new trial is overruled in each of the three instances.