## UNITED STATES v. ALFANO et al.
### (two cases).
### Nos. E-4511, E-4512.

District Court, W. D. Pennsylvania.

March 7, 1945.

Chas. F. Uhl, U. S. Atty., and Edward C. Boyle, Asst. U. S. Atty., both of Pittsburgh, Pa., for the government.

Joseph A. Rossi and Zeno Fritz, both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

Rudolfo Alfano was tried on the two indictments in these two cases along with defendants in three other indictments at No. E-4513 Criminal, No. E-4514 Criminal, and E-4515 Criminal. The trial resulted in a verdict of guilty as to Alfano on the two indictments in which he is named as a defendant.

At the beginning of the trial, counsel for Alfano objected to the consolidation of the five indictments for trial, on the ground that he was mentioned only in two out of the five indictments. This objection was overruled, and the trial resulted in a verdict of guilty as to Alfano on the two indictments in which he is named as a defendant.

The indictment at No. E-4511 Criminal charges the defendants, among them Alfano, with a conspiracy to violate Section 398 of Title 18 of the United States Code Annotated, known as the White Slave Traffic Act. The indictment at No. E-4512 Criminal charges the defendant Alfano, and others, with a substantive violation of said Act, which is also alleged to be one of the overt acts charged in the indict-

ment at No. E–4511 Criminal. Each of the other indictments at Nos. E–4513, E–4514, and E–4515 Criminal, charged the defendants therein named with substantive violations of the Act,—all of which violations are charged as overt acts in the conspiracy indictment.

Under all these circumstances, we are clearly of the opinion that all these five indictments were properly consolidated for trial, because the evidence as to substantive offences charged would be evidence as to the commission of the overt acts charged in the conspiracy indictment. See Goldberg v. United States, 5 Cir., 297 F. 98, 101; Slick v. United States, 7 Cir., 1 F.2d 897; Doherty v. United States, 3 Cir., 56 F.2d 812; Frieden v. United States, 4 Cir., 5 F.2d 556, 557; Carter v. United States, 5 Cir., 38 F.2d 227, 228.

The case of McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed 355, cited by defendant, is not in point, for there the parties were not the same, and the offences charged were not parts of the same transaction.

Error is alleged in admitting the statement made by Frank Chessario on July 15, 1943 (Ex. No. 2). That statement was admissible as to the defendant who made it, and we so stated at the time it was admitted. We see no error in that. We do not think we have here the same situation that was before the Circuit Court of Appeals in Gambino v. United States, 3 Cir., 108 F.2d 140, in which the statement was offered to prove a conspiracy. In Sullivan v. United States, 8 Cir., 7 F.2d 355, it was held that evidence admissible against one of the defendants jointly tried is admissible, and must go into the record, although not admissible against all defendants. To the same effect is Pappas v. United States, 9 Cir., 292 F. 982.

There is also error alleged in our failure to strike out the testimony of witness Martinez as to her conduct of a house of prostitution in Meadville, Pennsylvania, on motion of counsel for Alfano. We cannot see how Alfano was involved in her testimony at all. But at least it was competent evidence as to defendant Madaffer, and should not be stricken.

Defendant Alfano's motion for a new trial will be denied. An order may be submitted accordingly on notice to defendant Alfano's counsel.