**SCHEVE v. UNITED STATES.**

**KADAN v. UNITED STATES.**

**ROSEN v. UNITED STATES.**

Nos. 10312–10314.

United States Court of Appeals
District of Columbia Circuit.

Aug. 14, 1950.

Mr. William R. Lichtenberg, Washington, D. C., with whom Mr. Joseph Luria Washington, D. C., was on the brief, submitted on the brief for appellant Scheve.

Mr. J. Raymond Clark, Washington, D. C., submitted on the brief for appellant Kadan.

Messrs. Charles E. Ford and H. Clifford Allder, Washington, D. C., submitted on the brief for appellant Rosen.

Messrs. Joseph M. Howard and Joseph F. Goetten, Assistant United States Attorneys, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Arthur J. McLaughlin, Assistant United States Attorney, Washington, D. C., were on the brief, submitted on the brief for appellee. Mr. L. Clark Ewing, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, PROCTOR, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

The first count of an indictment charged the appellants, Theodore Scheve, Herman Kadan, and Hyman Rosen, with keeping a gaming table. D. C. Code (1940) § 22—1504. This count also charged Joseph Scheve, since deceased, with the same offense. The second and third counts, respectively, charged Joseph Scheve with assaulting one Ricker, with intent to kill and with a dangerous weapon. The appellants were not charged with assault.

Each appellant moved to be tried separately from Joseph Scheve. The motions were overruled and all four defendants were tried together. Joseph Scheve was acquitted of assault with intent to kill but convicted of assault with a dangerous weapon. All four defendants were convicted of keeping a gaming table. Each of

the three appellants was sentenced to imprisonment for one to three years.

■ Appellants' only contention here is that the court erred, to their prejudice, in denying their motions to be tried separately from Joseph Scheve. We think there was no prejudice and no error.

Although evidence was introduced in defense of the assault charges, none was introduced in defense of the gaming charges. Counsel told the court at the beginning of the trial that he would call no witness "in the gambling case". After the trial, in arguing a motion for a new trial, counsel said: "You will recall we * * * said that if the gambling case alone was being tried we will not put in any defense. We announced this to the Court before anything happened. * * * I think it is fair for Your Honor to consider that, that they did not at any time, under oath, commit perjury to mislead you, that there was no gambling on those premises." Since appellants' guilt of the only crime of which they were accused was so clear that no defense was attempted and none would have been attempted if they had been tried separately, the court's refusal to try them separately could hardly be prejudicial.

■ Neither was this refusal otherwise erroneous. Rule 8 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more *acts or transactions connected together* or constituting parts of a common scheme or plan. (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the *same series of acts or transactions* constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and *all of the defendants need not be charged in each count.*" (Emphasis added.) Rule 14

provides "Relief from Prejudicial Joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

There was proof of the following facts. All four defendants operated a gambling house. Ricker was a regular customer and a heavy loser. Ricker's wife called at the gambling house and persistently demanded that Joseph Scheve return some of the lost money. Joseph Scheve walked away from her. She followed him and he "gave her a push". Ricker started up from his seat. Scheve pointed a pistol at Ricker and struck him with it. Thus there was an unbroken chain of causation between the defendants' gambling business, Ricker's losses, his wife's demand for return of some of them, Joseph Scheve's assault on her, Ricker's apparent attempt to intervene, and Scheve's assault on Ricker. Since the gambling and the assault were "acts or transactions connected together", Rule 8 (a) permits joinder of the offenses in one indictment. Since the gambling and the assault were a "series of acts or transactions" in which series, if not in each of its members, all four defendants "participated", Rule 8(b) permits joinder of the defendants in one indictment. Moreover, there was "such close connection * * * in respect of time, place, and occasion that it was difficult, if not impossible, to separate the proof of one charge from the proof of the other." Pointer v. United States, 151 U.S. 396, 404, 14 S.Ct. 410, 413, 38 L.Ed. 386. As the government says in its brief, "The gambling offense, a continuing one, was committed on the same day, but a few hours prior to the assault. Both offenses were committed at the same address on premises controlled by the appellants. The victim of the assault was also a victim of the gambling operation conducted by the appellants. The assault was directly occasioned by and grew out of the gambling offense." And the evidence as to each defendant and each offense "was short and

simple; there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each." United States v. Lotsch, 2 Cir., 102 F.2d 35, 36.

Since Rule 8(a) expressly permits joining felonies and misdemeanors in a single indictment, the fact that one charge was more serious than the other did not prevent joinder. Since Rule 8(b) expressly provides that "all of the defendants need not be charged in each count", the fact that the present appellants were not charged with assault did not prevent joinder. Cf. Cataneo v. United States, 4 Cir., 167 F.2d 820; United States v. Gottfried, 2 Cir., 165 F.2d 360, certiorari denied, 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139, rehearing denied, 333 U. S. 883, 68 S.Ct. 910, 92 L.Ed. 1157; United States v. Antonelli Fireworks Co., 2 Cir., 155 F.2d 631, certiorari denied, 329 U. S. 742, 67 S.Ct. 49, 91 L.Ed. 640, rehearing denied, 329 U. S. 826, 67 S.Ct. 182, 91 L.Ed. 701.

McElroy v. United States, 164 U. S. 76, 17 S.Ct. 31, 41 L.Ed. 355, on which appellants rely, is not in point for two reasons. The offenses with which the five defendants in that case were charged were not "two or more acts or transactions connected together * * * they were substantive offenses, separate and distinct, complete in themselves, and independent of each other, committed at different time and not provable by the same evidence." 164 U. S. at page 79-80, 17 S.Ct. at page 32. And the statute there involved did "not authorize the consolidation of indictments in such a way that some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried", 164 U. S. at page 80, 17 S.Ct. at page 32. Rule 8(b) expressly permits such a joinder.

We find no error and no abuse of discretion.

Affirmed.