**The UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**John D. ROSENFELD, Defendant-Appellant.**

**No. 11656.**

United States Court of Appeals Seventh Circuit.

June 29, 1956.

Rehearing Denied Sept. 10, 1956.

William T. Fitzgerald, Evansville, Ind., Lorin H. Kiely, Evansville, Ind., Darby & Fitzgerald, Evansville, Ind., of counsel, for appellant.

Jack C. Brown, U. S. Atty., Edgar D. Whitcomb, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

2. See Corbett v. Kleinsmith, 6 Cir., 1940, 112 F.2d 511.

FINNEGAN, Circuit Judge.

Seymour S. Cutler, a co-defendant of Rosenfeld whose appeal is before us, owned the Consolidated Home Improvement Company of Evansville, Indiana. Rosenfeld was employed as a salesman for Cutler's firm. In counts 1 and 2, of a six-count indictment, Rosenfeld and Cutler were both charged with violating 18 U.S.C. § 1010 (1952 ed.) and with conspiracy under 18 U.S.C. § 371 (1952 ed.) Count 1 is eliminated in this appeal because Rosenfeld's motion for judgment of acquittal on it was sustained below.

Since much of Rosenfeld's appeal hinges on joinder and severance, we show the following analysis of the entire indictment:

| COUNT | DEFENDANTS NAMED | CODE SEC. |
| --- | --- | --- |
| I | Cutler & Rosenfeld | 18 U.S.C. § 1010 |
| II | Cutler & Rosenfeld | 18 U.S.C. § 371 |
| III | Cutler & Wagner | 18 U.S.C. § 1010 |
| IV | Cutler & Wagner | 18 U.S.C. § 371 |
| V | Cutler & Robertson | 18 U.S.C. § 1010 |
| VI | Cutler & Robertson | 18 U.S.C. § 371 |

Counts III and IV were severed for trial and Rosenfeld was convicted by a jury on the second count. It is clear that the gravamen of the indictment lies in 18 U.S.C. § 1010. Rule 8(b), Federal Rules of Criminal Procedure, 18 U.S.C. is standing refutation of Rosenfeld's argument in support of severance or faulty joinder:

> "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Nothing we said in our majority decision of United States v. Tuffanelli, 7 Cir., 1942, 131 F.2d 890, decided before that Federal Rule was adopted, collides with it. A clearly discernible pattern of action involving Cutler and his salesmen is traceable from the face of this record. McElroy v. United States, 1896, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355, pressed on us by defendant, being factually dissimilar from the offenses spelled out in the indictment accusing Rosenfeld fails in lending strength for his position.

Government exhibits 2B and 4B, contracts of sale "Consolidated Home Improvement Co.," each bear the signatures of Rosenfeld and Cutler; exhibits 2A and 4A, signed by Rosenfeld are F. H. A. Credit Applications, each showing Consolidated as the contractor. All the other contracts and credit applications, received in evidence, are in the name of Consolidated by Cutler and signed by other co-defendant salesmen. Section 1010 permeates this indictment and case. We think the indictment is sufficient and proper. Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Lotsch, 2 Cir., 1939, 102 F.2d 35.

This record impressively attests the want of merit in defendant's position concerning his motions for judgment of acquittal, for a new trial, arrest of judgment and his challenge directed at the sufficiency of evidence underlying the jury's verdict. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Aman, 7 Cir., 1954, 210 F.2d 344, and United States v. Thayer, 7 Cir., 1954, 209 F.2d 534. Acting as Consolidated's salesman, Rosenfeld called upon Herbert Ray Johnson on February 9, 1954, and told him that his home had been selected to advertise siding. For each sale of this item, Rosenfeld told Johnson, the latter would re-

ceive $50 and these siding sales would pay his loan. When Johnson stated he was financially unable to undertake a contract, Rosenfeld offered him $300 to pay up his bills. As a result of the promises and bonuses, Johnson, his wife, and Rosenfeld signed the loan papers. (Exhibits 2A–2B). Under the contract terms, Consolidated agreed to furnish all material and labor; the cash price, $1390, was to be financed under F. H. A. Title I. Absent from this contract is any mention of the $300 or the $50 per siding recitation. Government exhibit 2A, F. H. A. Title I Credit Application executed by the Johnsons, and Rosenfeld, was transmitted to the Old National Bank, Evansville, Indiana.

Though Rosenfeld had been informed by Johnson concerning the latter's financial inability, and about various time payments to which he was committed, Rosenfeld certified, on Exhibit 2A: "I (We) certify that the above statements are true and that no unfavorable information known to me (us) or called for herein has been omitted. This application shall remain the property of the lending institution to which submitted." Of course, this exhibit is a credit application, and Johnson's purchasing of a furnace, ice-box, and television set were not reported on that form. Cutler, on the other hand and for his part, executed F. H. A. Title I completion certificate, for Johnson's project and forwarded it to the Old National Bank. A loan, resulting from the aforesaid contract, application and certificate was subsequently made by that institution and insured by F. H. A. Within a week of their first conversation, Rosenfeld gave Johnson $300, however the latter never received any $50 payments. There is evidence of similar approaches, contacts, and arrangements by Rosenfeld with other persons.

Since none of defendant Rosenfeld's points yield reversible errors, and because we find the record remarkably free of such errors, the judgment brought here for review is affirmed.

Judgment affirmed.

SCHNACKENBERG, Circuit Judge. I concur.