STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT.
v. CHARLES F. BAKER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 3, 1966—Decided March 21, 1966.

Before Judges GAULKIN, LABRECQUE and BROWN.

*Mr. Sidney J. Bernstein,* assigned counsel, argued the cause for appellant.

*Mr. Martin G. Holleran,* Assistant Prosecutor, argued the cause for respondent (*Mr. Brendan T. Byrne,* Prosecutor of Essex County, attorney).

PER CURIAM. Defendant was indicted for selling heroin to one Quinones on January 10, 1963 and, jointly with Walter L. Waters, with selling heroin to one Williams on April 4, 1963 (amended at the trial to March 4, 1963). Waters pleaded guilty to the latter indictment.

The State tried Baker on both indictments at the same time. There was no formal order of consolidation. Before the jury was selected, the prosecutor simply announced that the State was moving both indictments, and Baker's assigned counsel said nothing.

Baker denied both charges. He said he had never seen Quinones or Williams until the trial. He was convicted on both indictments and sentenced to consecutive three to five-year terms.

In this appeal, present counsel contends that it was plain error to consolidate the indictments for trial. We agree.

The State argues that *R. R.* 3:5-6 and 3:4-7 permit such consolidation because the two offenses are "of the same or similar character." We need not pass on this contention. We hold that the joinder of these separate and distinct offenses was necessarily so prejudicial to defendant that it was plain error for the trial court to permit it. See *R. R.* 3:5-7; *cf. State v. Manney,* 26 *N. J.* 362, 365-368 (1958); *State v. Weiner,* 41 *N. J.* 21, 34 (1963); *State v. Coleman,* 46 *N. J.* 16, 24 (1965).

As was said in *McElroy v. United States,* 164 *U. S.* 76, 79-80, 17 *S. Ct.* 31, 32, 41 *L. Ed.* 355, 357 (1896):

> "[T]hey were substantive offenses, separate and distinct, complete in themselves, and independent of each other, committed at different times, and not provable by the same evidence. In cases of felony the multiplication of distinct charges has been considered so objectionable as tending to confound the accused in his defense, or to prejudice him as to his challenges, in the matter of being held out to be habitually criminal, in the distraction of the attention of the jury or otherwise, that it is the settled rule in England and in many of our states to confine the indictment to one distinct offense, or restrict the evidence to one transaction."

In the minds of the jury, defendant's alleged complicity in each case undoubtedly tended to buttress the State's evidence of his guilt in the other.

Defendant also argues that it was plain error for the trial court to permit the amendment of the indictment to change the date of the offense from April 4 to March 4; he was not represented by counsel when he pleaded not guilty to the indictments; he was not arraigned upon the indictments or even informed of them until after he had been in custody for some time and he was denied a speedy trial. We find no merit in any of these contentions. The remaining contentions are academic since the case is remanded for a new trial.

Reversed.