UNITED STATES of America
v.
Hipolito Cruz PAGÁN et al.
Cr. No. 411–72.

United States District Court,
D. Puerto Rico.
April 21, 1975.

José A. Quilés, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Gino Negretti, Miami, Fla., Joaquín Monserrate Matienzo, Hato Rey, P. R., Roberto De Jesús Cintrón, Río Piedras, P. R., for defendants.

OPINION AND ORDER

PESQUERA, District Judge.

Codefendant, Hipolito Cruz Pagán, has moved to dismiss the indictment or, in the alternative, for severance and separate trial on the count charging him alone with possession with intent to distribute a certain amount of cocaine (count 5 of the indictment), on the ground that presenting to the jury evidence of two different crimes [1] will result in a substantial unfairness.

A joinder of charges in one indictment in separate counts may be held improper when existing circumstances make such joinder unjust to a defendant, but it does not vitiate the indictment in its entirety as it may be cured by ordering separate trials of the counts. (11 Callaghan & Co., Cyc.Fed.Proc. (3rd Ed.) 498).

As provided in Rule 8(a) of the Rules of Criminal Procedure, two or

---

1. In counts 1 and 3 defendant is charged with conspiring with others to import and possess with intent to distribute; and in counts 2 and 4 he is charged with importing and possessing with intent to distribute a large amount of marihuana.

**1396**

more offenses may be charged in the same indictment, in a separate count for each offense, if the offenses charged are of the same or similar character. (11 Callaghan & Co., Cyc.Fed.Proc. (3rd Ed.) 496). The propriety of a joinder of offenses depends upon the danger that the jury may confuse the issues. In other words, whether prejudice from the joinder is great enough to justify separate trials under Rule 14 of the Federal Rules of Criminal Procedure (U. S. v. Tillman, (3rd Cir.) 470 F.2d 142); but in fact, the provisions of Rule 8(a) of the Federal Rules of Criminal Procedure presupposes that the imputed transactions may be quite independent of each other (U. S. v. Liss, (2nd Cir.) 137 F.2d 995 at 998).

█ It was held in U. S. v. Martinez, (9th Cir.) 429 F.2d 971 that a sale of marihuana is an offense distinct from the sale of heroin. However, it was further held that reference to a discussion about marihuana was not substantially prejudicial to the defendant charged with sales of heroin and conspiracy to sell and conceal heroin. The undersigned presided over the prolonged hearing held on defendants' motion for suppression of evidence and having heard the most essential evidence, is of the opinion that "the likelihood that the evidence will be misapplied is not serious practically". (U. S. v. Liss, supra, at 998) In fact, I find that the separate offenses defendant Cruz Pagán is charged with are closely related and that there is no reasonable ground to think that the jury cannot keep separate what is relevant to each. (Cf. McElroy v. U. S., 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355) I am aware that, as stated by Judge Frank in his dissent in the above cited case of U. S. v. Liss, "expedition and efficiency in the prosecution of crimes ought not to be purchased at the expense of justice" (at 1004), but we are of the opinion that under the circumstances present in this case, the factual and legal compactness of the consolidat-

ed trial outweighs any potential prejudice to defendant Cruz Pagán, and therefore his motion to dismiss or for severance is hereby denied.