**UNITED STATES v. TWENTIETH CENTURY BUS OPERATORS, Inc., et al.**

No. 228.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1939.

Francis A. O'Neill and John J. Tullman, both of New York City (Francis A. O'Neill, Jr., of New York City, of counsel), for certain appellants.

Lamar Hardy, U. S. Atty., of New York City (John K. Carroll and Boris Kostelanetz, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The indictment on which the appellants were convicted named as defendants two corporations and eight individuals. In summary its allegations were as follows: The corporations, for brevity referred to as "Twentieth Century" and "Brown Line," were employed by the Works Progress Administration to transport W.P.A. employees to various projects located in and about Pelham, N. Y. From January 5th to August 31st, 1937 Brown Line had the transportation contract and Twentieth Century was a sub-contractor; from September 1st to October 4th, 1937, Twentieth Century was the contractor. Two of the individual defendants, Peters and Morrissey, were W.P.A. employees whose duties involved reporting the hours of service performed by the busses. The other individual defendants were officers or employees of one or the other of the bus companies. The first count of the indictment charged the defendants with submitting to the Works Progress Administration, in violation of 18 U.S.C.A. § 80, false and fraudulent bills, vouchers and other writings respecting the numbers of hours of bus service performed by Brown Line and Twentieth Century. The second count charged the defendants with giving bribes to certain W.P.A. employees to induce them to neglect their duty to check the hours the busses worked, in violation of 18 U.S.C.A. § 91. The conspiracy count (18 U.S.C.A. § 88) charged the defendants with agreeing together and with certain W.P.A. workers who were not named as defendants to defraud the government by falsifying writings of the character mentioned in the first count.

Peters and Morrissey pleaded guilty. The corporations and three of their officers were convicted; three defendants were acquitted. Twentieth Century and Joseph Leiberman, its general manager, have appealed; as have also Brown Line, Harry Weinstein, its secretary-treasurer, and Nathan Smith its vice-president and general manager.

The appellants attack the judgment on the ground that the jury's verdict shows that they were convicted of two separate and distinct conspiracies and not of the conspiracy charged in the indictment. This contention is based on what occurred when the jury received additional instructions after reporting to the court that they had agreed on two counts but could not agree on the third.

"The Foreman: We would like to know whether the conspiracy charge can be brought in if the Twentieth Century and its employes merely conspired with the W. P.A. employes—I mean the Brown Line; and whether the Brown Line can be brought in if it merely conspired with the W.P.A. and not the Twentieth Century Line.

"The Court: I think I understand. Assuming that you gentlemen find that the two companies did not conspire together, but that each did conspire during the period charged in the indictment with the W.P.A. workers, under the law may you bring in a

verdict under those circumstances. Is that correct?

"The Foreman: Yes, sir.

"The Court: I think you can, gentlemen. I charge you that you can do that, because if the evidence has established a conspiracy it is a continuing conspiracy. It may be that A and B could be in it to start with, and C might come along with them and conspire to the same end and purpose, and get out of it, and the conspiracy continue with D. I think you can; I am satisfied you can.

"Mr. O'Neill: We take an exception to that. The indictment is a conspiracy between the Twentieth Century and the Brown Line."

After further deliberation the jury returned their verdict, finding each of the appellants guilty on counts 1 and 2 and "guilty on count 3 of conspiracy with the W.P.A. officials." The clerk recorded the verdict as finding each appellant guilty on counts 1, 2 and 3; and, on being polled, the jurors answered in the affirmative.

■■ At the outset it may be noted that if error was committed with respect to the conspiracy count, conviction on the substantive counts would not be affected. It is true that if there were in fact two distinct conspiracies, the two corporate defendants and their respective officers had engaged in separate and independent transactions and therefore their joinder under the substantive counts may have been improper. McElroy v. United States, 164 U. S. 76, 17 S.Ct. 31, 41 L.Ed. 355; Coco v. United States, 8 Cir., 289 F. 33. But a misjoinder caused by a variance of proof will not result in a reversal unless prejudicial to the defendants (Stokes v. United States, 5 Cir., 93 F.2d 744; 28 U.S.C.A. § 391), and since the appellants have not brought up the evidence we cannot say that they were prejudiced. For the same reason, an error in the charge as to the conspiracy count could not in the bare state of the present record require reversal of the judgment on the substantive counts. It may be further noted that reversal on the conspiracy count would not diminish the sentences imposed upon the individual appellants, since the imprisonment to which they were sentenced was for the same term on each of the three counts to run concurrently. Only the fines imposed upon the corporate appellants would be affected by reversible error with respect to the conspiracy count.

■■ But we see no error as to the conspiracy count. It is by no means clear that the jury found two separate conspiracies, as the appellants claim; one between the Twentieth Century group of defendants and W.P.A. officials, and the other between the Brown Line group and such officials. In giving the additional instructions, the judge obviously had in mind a continuing conspiracy. The main charge, to which no exception was taken, had dealt with this subject fairly and accurately, explaining that persons might be found guilty of a conspiracy though some entered it after its inception and after others had left it, and stating that there was no evidence that the Brown Line engaged in the conspiracy after September 1st. The additional instructions show that the jury's question was understood to refer to a continuing conspiracy and not as asking whether a conviction could be had if there were two distinct conspiracies. Nor was the court asked to charge that the defendants could not be convicted if there were separate conspiracies. Of course, the charge that if the evidence established a conspiracy it was a continuing conspiracy, may have been erroneous in view of the evidence; but this cannot be successfully urged, for none of the evidence is before us. Consequently we see no error in the instructions as given; nor can we say that the jury's verdict convicted different defendants of distinct and separate offenses.

■ But even if the conviction were based on a finding of two distinct conspiracies, this was only a variance between allegations and proof which should not result in reversal, unless prejudicial. Berger v. United States, 295 U.S. 78, 81–84, 55 S.Ct. 629, 79 L.Ed. 1314. On this abbreviated record we cannot determine there was prejudice.

■ It is earnestly argued that the Twentieth Century group of defendants and the Brown Line group were deprived of a fair trial because they were tried on a joint indictment which superseded two prior indictments, one filed against one group, and one against the other. The prior indictments have been included in the record on appeal, though improperly it would seem, for so far as appears no reference whatever was made to them in the court below. The prior indictments are irrelevant to the present appeal. The appellants were tried on an indictment which charged them with being parties to a single conspiracy. That

charge had to be proved before they could be properly convicted; but the argument that their trial on that charge was unfair because a grand jury had previously seen fit to charge them with being parties to other and separate conspiracies is wholly fallacious.

Judgment affirmed.