Sales Act appearing as section 44 of the Personal Property Law, Consol.Laws, c. 41. See In re Henningsen, 2 Cir., 297 F. 821, 823; In re Saraw, 2 Cir., 91 F.2d 957, 958. The evil at which the section was aimed was the perpetration of a fraud on creditors by putting a bulk mortgage on a stock of goods or part of it and making off with the proceeds. No fraud on creditors is effected where a merchant adds to his stock by taking in goods subject to a purchase money mortgage. Hence the mortgage in question was not within the intendment of the statute, even though there is no express exception of purchase money mortgages. Cf. Coman v. Lakey, 80 N.Y. 345, 350.

Order affirmed.

PER CURIAM.

If there was a variance between the allegations of the indictment and the proof, it does not appear to have been such a variance as to affect the substantial rights of the accused; hence it is not fatal. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; United States v. Twentieth Century Bus Operators, 2 Cir., 101 F.2d 700, 702, certiorari denied, 307 U.S. ——, 59 S.Ct. 821, 83 L.Ed. ——.

Judgment affirmed.

**RAMBUSCH DECORATING CO. v. BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA et al.**

**No. 293.**

Circuit Court of Appeals, Second Circuit.

June 19, 1939.

**UNITED STATES v. LIBERTI et al.**

**No. 410.**

Circuit Court of Appeals, Second Circuit.

June 19, 1939.

Woodruff & Klein, of New Haven, Conn., and Tom Carsello, of Ansonia, Conn., for appellant.

Robert P. Butler, U. S. Atty., of Hartford, Conn., and Arthur T. Gorman, Asst. U. S. Atty., of New Haven, Conn.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.