## DOLL v. UNITED STATES.
### No. 3882.

United States Court of Appeals Tenth Circuit.

June 29, 1949.

James D. Fellers, Oklahoma City, Okl. for appellant.

Haskell B. Pugh, Asst. U. S. Atty., Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., Oklahoma City, Okl. on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion filed under 28 U.S.C.A. § 2255 to vacate two penal sentences.

Doll was arrested on March 23, 1947, at Atoka, Oklahoma, by state officers for burglary of a store. The state officers took Doll to Oklahoma City, Oklahoma, and placed him in the city jail. On April 1, 1947, at about 11 a. m., and again at 2 p. m., Leo Kuykendall, a special agent of the Federal Bureau of Investigation, questioned Doll at the city jail. Special agents of the Federal Bureau of Investigation had obtained statements from three other persons which implicated Doll in the burglary of the Bank of Nardin, at Nardin, Oklahoma, and the Clayton Bank, at Clayton, Oklahoma. Kuykendall advised Doll of his constitutional rights and told him the agents had obtained statements from three other persons as to his participation in

such offenses. At first, Doll denied any connection with such offenses. In the second conversation, he agreed to make a written statement. The statement was commenced the afternoon of April 1 and completed on April 2, 1947. The first paragraph of the statement recited that it was made freely and voluntarily; that no threats or promises had been made to Doll, and no threats or duress had been used in order to obtain the statement; and that Doll realized it could be used against him "in a court of law." In the statement, Doll admitted that he and two others in December, 1946, broke open the front door of the Clayton Bank, and, after entering the bank, dug a hole in the wall of the vault and took and carried away seven sacks of one-cent pieces.

Doll was moved from the city jail to the county jail of Oklahoma County on April 2, 1947. On that day, a complaint was filed against Doll with the United States Commissioner, at Oklahoma City, charging him with violations of 12 U.S.C.A. § 588b(a) [now 18 U.S.C.A. § 2113] and 18 U.S.C.A. § 315 [now § 2115], and he was promptly taken before the United States Commissioner and arraigned.

At the time of the making of the first statement, Doll denied any connection with a burglary of the Bank of Nardin, but, on April 7, 1947, about 4:30 p. m., he advised Kuykendall that he was ready to make a statement with respect to that offense. On that date, he made a further statement which contained substantially the same recitals as the first paragraph of the previous statement. In the second statement, he admitted that he and two others broke open the front door of the Bank of Nardin, entered the bank, knocked a hole in the side of the vault, and took and carried away a sack containing about $700. In such statement, he also admitted that he and two others broke into the Post Office at Deer Creek, Oklahoma, on November 18, 1946, broke open the vault in the post office, and carried away about $60.

On May 5, 1947, an indictment, numbered 15420, containing two counts, was returned in the United States District Court for the Western District of Oklahoma against Doll and two others. The first count charged Doll and two others with unlawful entry of the Bank of Nardin, a member of the Federal Deposit Insurance Corporation, on November 18, 1946, with intent to commit larceny therein. The second count charged them with burglary of the Bank of Nardin on the same date.

On May 5, 1947, a further indictment, numbered 15424, containing two counts, was returned in the United States District Court for the Western District of Oklahoma against Doll. The first count charged him with burglary of the United States Post Office, at Asher, Oklahoma, on January 5, 1947. The second count charged him with larceny of postal funds and United States savings bonds on the same date.

On May 6, 1947, Doll was taken before the court for arraignment. Because of the absence of Doll's counsel, the arraignment was continued until May 13, 1947. On the latter date, Doll appeared in person and with George L. Hill, his counsel, whom he had personally selected, and entered pleas of guilty to the several counts in both indictments. In Number 15420, he was sentenced to imprisonment on the first count for a period of 10 years and on the second count he was placed on probation for a period of 5 years from the expiration of, or other legal release from, the sentence imposed on the first count. In Number 15424, he was sentenced to imprisonment for a period of 5 years to run concurrently with the sentence imposed in Number 15420.

On January 31, 1949, Doll filed the motion to vacate. In his petition, he set up the following grounds: First, that he did not waive indictment; second, that he was held incommunicado from March 23, 1947, to April 2, 1947, was threatened by state officers, and was not given medical aid which he requested "for his acute condition"; third, that after his incarceration in the Federal Penitentiary at Leavenworth, Kansas, he was transported to the United States District Court for the Eastern District of Oklahoma and sentenced for an additional term of 5 years for burglary of the Clayton Bank, and that such charge had

been previously dismissed by the United States District Court for the Western District of Oklahoma; and fourth, that he was induced by agents of the Federal Bureau of Investigation and state officers to sign a waiver of indictment and trial by jury under dire threat of further "beatings and kickings" and other tortures employed by such officers for several consecutive days without affording him any rest or medical attention and by promises of immunity.

At the hearing, Doll testified that he was induced to make the statements in order to secure the release and avoid prosecution of Irene Davis. He admitted he was not threatened or otherwise mistreated by the agents of the Federal Bureau of Investigation, and that agent Kuykendall brought him two quarts of milk each day during the period of his incarceration in the county jail.

The trial court found that Doll was not "beaten, threatened or coerced in any manner" from the time of his arrest on March 23, 1947, up to and including the time of his arraignment, plea, and sentence; that he was duly arraigned in open court; that he was advised of his rights; that he was represented by counsel; that he freely and voluntarily entered his pleas of guilty upon the advice of his counsel; and that the statements made to the agents of the Federal Bureau of Investigation were made freely and voluntarily and not obtained in any unlawful manner; and entered its order denying the motion to vacate.

Whether there was a lawful waiver of indictment is not material. Doll was charged and entered his pleas of guilty to indictments duly returned by a grand jury. The findings of the trial court are abundantly supported by the evidence, and it follows that the motion to vacate was properly denied.

What occurred in the Eastern District of Oklahoma was wholly extraneous to this proceeding. Only the court which entered the sentence in that proceeding could vacate it under 28 U.S.C.A. § 2255.

The order is accordingly affirmed.