Herman Lee **GRIFFIN** and Hugh James Resmondo, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 17656.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1959.

As Corrected on Denial of Rehearing
Feb. 3, 1960.

See 273 F.2d 958.

Hutcheson, Circuit Judge, dissented.

Walter C. Shea, John Paul Howard, S. Perry Penland, Jacksonville, Fla., for appellants.

John L. Briggs, U. S. Atty., E. Coleman Madsen, Chief Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., S. D. Florida, Miami, Fla., for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

These are appeals by two defendants tried together and convicted under separate indictments for violating the first section of the White Slave Act, Title 18

U.S.C.A. § 2421.[1] This section proscribes knowingly transporting a woman in interstate commerce for prostitution. The indictments tracked the statutory language.

The principal grounds of appeal are (1) illegal consolidation of the cases for trial, (2) fatal variance between proof and indictment, and (3) insufficiency of evidence to convict.

Each party complains that by joining the two cases for trial each of them was prejudiced by being tied in with all the worst of the testimony against the other, as well as that against himself. This would, of course, be a valid contention, if the joinder for trial was improper. The rule as to joinder for trial is Rule 13, F.R.Cr.P., 18 U.S.C.A.:

"Rule 13. Trial Together of Indictments or Informations The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

In order to determine what offenses "could have been joined in a single indictment" we look at Rule 8, F.R.Cr.P. which provides:

"Joinder of Offenses and of Defendants

"(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

■ It thus becomes necessary to determine whether these two indictments could have been joined. Appellants contend that whether the two offenses are based on the same act or transaction or are of the same or similar character must be gleaned from the face of the indictments; that where each indictment is complete on its face and alleges a single offense by a single defendant, the court could not legally join the two for trial with the expectation that it would later develop that they were in fact joinable. No authority is cited for this proposition. We conclude that it is not the law. If in fact the proof adduced on the trial of consolidated cases demonstrates that the two separate offenses could have been charged in a single indictment, the rule is satisfied. This is clearly implied by the court's comment as to the case of Pointer v. United States,

1. The indictments were in the following terms:
"That on or about the 16th day of April, 1958, Hugh James Resmondo did knowingly transport in interstate commerce, a woman or girl, to-wit, Betty Tyson, by commercial airline, from Jacksonville, in the State of Florida, in the Southern District of Florida, to Atlanta, in the State of Georgia, for the purpose of prostitution and debauchery, in violation of Title 18, United States Code, Section 2421."

"That on or about the 16th day of April, 1958, Herman Lee Griffin did knowingly transport in interstate commerce, a woman or girl, to-wit: Hazel Jane Justice, by commercial airline from Jacksonville, in the State of Florida and the Southern District of Florida, to Atlanta, in the State of Georgia, for the purpose of prostitution and debauchery; in violation of Title 18, United States Code, Section 2421."

151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208, in McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355. See also Jordan v. United States, 5 Cir., 120 F.2d 65. If this were not the law nevertheless it would be apparent that on such a trial no prejudicial error would have occurred because under the law the two defendants could have been tried jointly if indicted jointly.

■ We think it amply clear that the proof adduced on the trial demonstrated that whatever acts were done by Resmondo relative to the "transportation" of Betty Tyson were equally the acts of Griffin and that whatever acts were done by Griffin relative to the "transportation" of Hazel Justice were equally the acts of Resmondo. Both men could have been jointly indicted for each of the separate offenses, either in two counts of a single indictment or in two separate indictments triable together.

It is not necessary to repeat at length the sordid details that were testified to by one of the prosecuting witnesses, a professional prostitute. The two men and two women together planned and carried out several weeks of activity in Florida during which the jury could find that the two men arranged for the women to engage in prostitution in Tallahassee, Orlando and Jacksonville; the latter turned substantial sums of money over to the two defendants; the quartet then discussed a trip to Atlanta which had been previously mentioned in the absence of Griffin. Resmondo and Betty Tyson first suggested a particular hotel in Atlanta, and Tyson telephoned one of the bellboys at this hotel and made arrangements for the two women to come there. Resmondo telephoned the airline ticket office and reserved two seats for the women; together they then got into Resmondo's automobile, where Griffin gave them together, as they were driving to the airport, $50 in cash; they left the women at the airport after putting their bags out; thereupon the two women went together to Atlanta by air, using the reservations made for them, and

went to the hotel and "worked" about a week; the witness Justice then telephoned Griffin and told him she was returning to Jacksonville, and he told her "it would be alright." She flew home and he met her and soon Resmondo joined them, after which, in Resmondo's presence, Justice gave Griffin $180 of the prostitution money earned by her and Tyson in Atlanta; later the same day Resmondo took the Justice woman back to the airport to meet the "victim," Tyson. They parked and waited for her to come out and when she did she got in a cab and they followed her to see where she went. The two women pooled the money they made while in Atlanta.

If this evidence established a case against either man as relates to his transportation of one of the victims, it undoubtedly supports a finding that all that was done was done by them jointly and they could have been indicted and tried on a single indictment.

■ We now come to the appellant's contentions that there was a failure of proof of transportation. This contention is coupled with their complaint that the trial court erred in charging the jury that transportation could be proved by showing that the defendants had wilfully "caused" the women to be transported. There are two reasons why no error can be assigned as to this charge. The first reason is that the defendants embodied substantially that charge in their requested charge No. 9. They submitted the following request:

"9. The Court charges you that the Government has not proved that the defendant physically transported the woman as alleged in the indictment, therefore, to convict the defendant you must find from the evidence that the defendant wilfully 'caused' the woman to be transported as alleged in the indictment.

"The word 'caused' is defined to you to mean to effect a thing as an agent or to bring it about, (wilfully —four 32-A page-20FRD)

"In determining whether or not the defendant 'caused' the woman to be transported as alleged in the indictment, you are instructed not to consider any evidence which might tend to show that the defendant persuaded, induced, enticed or coerced the woman to go from Jacksonville, Florida to Atlanta, Georgia, for the purposes of prostitution or debauchery."

The court gave in its charge the following:

"So, in this case, the Government has not proved that the defendant, either defendant in either case, physically transported the woman named in the indictment in each case interstate that is, across a State line. Therefore, to convict the defendant in either case, you must find from the evidence that the defendant will fully [sic] caused the woman to be transported as alleged in the indictment.

"The word 'caused' means to effect the thing as an agent or to bring it about. This must be proved beyond a reasonable doubt, as must the other elements of the offense charged in each case, please bear in mind."

The defendants made no objection to the failure of the court to include the last part of the requested charge.

The court also charged 18 U.S.C.A. § 2(a) and (b) as follows:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

and

"Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

This section, spoken of as the aider and abetter statute, was properly charged in light of defendants' own request and in light of the terms of the statute itself. The effect of this charge is to say that if Resmondo or Griffin caused the airline to transport the women "which if directly performed by [them] * * * would be an offense against the United States, [he] is punishable as a principal." This is to say that the allegation of "transporting" is proved by proof that the defendants caused others to transport. There is no variance. See Wright v. United States, 8 Cir., 175 F.2d 384. *Qui facit per alium facit per se.*

█ Finally, we conclude that the proof that both Resmondo and Griffin caused the two women to be transported to Atlanta is more than ample. They were sharing in their earnings as prostitutes in Florida, jointly "arranged" to have them go to Atlanta where business was reported to be good, and furnished them money to go on. The women went to Atlanta, worked as prostitutes, pooled their earnings, and checked up on whether it would be all right to return to Jacksonville, returned there and paid a substantial part of the earnings to one of the defendants in the presence of the other who later went to the airport to be sure he knew where his "victim" went when she arrived back in Jacksonville.

The jury's verdict was fully warranted by the evidence. The judgment is affirmed.

HUTCHESON, Circuit Judge (dissenting).

It is my view that, in consolidating for trial, over the objection of the defendants, the separate indictment charging the appellant Resmondo with a violation of Title 18 U.S.C.A. § 2421, with respect to one Betty Tyson, with the separate indictment charging the appellant Griffin with the violation of the same section, with respect to one Hazel Justice, the court committed prejudicial error.

In addition, in view of the separate and specific provisions of Sec. 2421 and 2422, carefully defining the offenses

charged therein,[1] I am of the opinion that, since the indictment charged the defendants only with the offense of transporting charged in Par. 1 of Sec. 2421 and the proof not only failed to prove but completely negatived the charge of transportation, there was a fatal variance between indictment and proof. Cf. McTyre v. United States, 5 Cir., 213 F.2d 65, and Grimsley v. United States, 5 Cir., 50 F.2d 509.

In support of the first view, it is only necessary to read the plain and simple words of Rule 13 and Rule 8(b) F.R.Cr. P., as they are set out in the majority opinion, to see that the joinder was not within the language of the rule and that, unless the basic rights of the defendants asserted by timely motion may be subordinated to the supposed superior convenience of the government or the court, the judgments appealed from may not stand.

With deference, the court announces a rule as to joinder which certainly is not stated in the statute and which I do not find stated in the controlling cases. Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355. If the decision is to be supported, therefore, it must be upon the theory announced by the majority, that the procedural rights conferred upon defendants by Rule 8 can be abrogated or denied upon the theory of an overriding public interest of court and prosecutor in the shortening and expedition of trials, a theory, in short, similar to that put forward by one of the characters in Sir Walter Scott's Ivanhoe, "Aye, the trial moves on apace when the guilt of the defendant is determined beforehand." Still with deference, the fact that this theory, sometimes put forward under the authority of Rule 52(a) "Harmless Error", does not apply where the substantial rights of a defendant are sought to be brushed aside in the name of the public interest has been specifically repudiated in case after case. Among them may be cited Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 1246, 90 L. Ed. 1557, a leading case on the subject. There the Supreme Court, reversing the

---

**1.** Sec. 2421 "Transportation generally.

"Whoever knowingly transports in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or

"Whoever knowingly procures or obtains any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in the District of Columbia of any Territory or Possession of the United States, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States—

"Shall be fined not more than $5000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 812, amended May 24, 1949, c. 139, § 47, 63 Stat. 96."

Sec. 2422. "Coercion or enticement of female.

"Whoever knowingly persuades, induces, entices, or coerces any woman or girl to go from one place to another in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, for the purpose of prostitution or debauchery, or for any other immoral purpose or with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery, or any other immoral practice, whether with or without her consent, and thereby knowingly causes such woman or girl to go and to be carried or transported as a passenger upon the line or route of any common carrier or carriers in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, shall be fined not more than $5000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 812."

decision of the Circuit Court of Appeals that, while there was error in joining in one count against a defendant several separate conspiracies, such joinder must be regarded as harmless error, said, quoting from the House Report on the Harmless Error Statute, the predecessor of the rule:

"If the error is of such a character that its natural effect is to prejudice a litigant's substantial rights, the burden of sustaining a verdict will, notwithstanding this legislation rest upon the one who claims under it."

The court then went on to say:

"Moreover, lawyers know, if others do not, that what may seem technical may embody a great tradition of justice. * * *"

and further:

"But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

A district court case, in which the judge correctly applied the rule to situations of the kind involved here is United States v. Harvick, D.C., 153 F.Supp. 696.

I agree, of course, with the majority that the story the evidence tells is sordid and the character it establishes for the two defendants is one of depravity and debauchery on a par with their so-called victims, both professional prostitutes, but this in no manner changes the law which requires a defendant to be tried and convicted, not of general baseness but of the offense for which he is indicted.

In my opinion the judgment should be reversed and the cause remanded with directions to set aside the joinder order.

Rehearing denied: HUTCHESON, Circuit Judge, dissenting.