UNITED STATES of America

v.

**Savino Joseph FLORIO, Alonzo Denson, Robert Maurice Brando, Mario L. Alessi, Henry T. Hobbs, Jr., Carl Carillo, Defendants.**

No. 69–CR–333.

United States District Court,
E. D. New York.

July 24, 1970.

Edward R. Neaher, U. S. Atty., Eastern District of New York, for the United States; Alfred N. King, Organized Crime and Racketeering Section, Dept. of Justice, Brooklyn, N. Y., and Robert M. Ornstein, Special Atty., Dept. of Justice, of counsel.

De Riggi, De Riggi & De Riggi, Hempstead, N. Y., for defendant Florio; Donald P. De Riggi, Hempstead, N. Y., of counsel.

Sparrow & Sparrow, Kew Gardens, N. Y., for defendants Brando, Denson and Hobbs; Sidney G. Sparrow, Kew Gardens, N. Y., of counsel.

BARTELS, District Judge.

Defendants Savino Florio, Robert Brando, Alonzo Denson and Henry Hobbs moved for severance on the grounds of misjoinder under Rule 8, Fed.Rules Cr.Proc., 18 U.S.C., and for prejudicial joinder under Rule 14, Fed. Rules Cr.Proc., 18 U.S.C. All are named along with Mario Alessi and Carl Carillo in an eleven-count indictment, the first count of which charges a conspiracy on the part of all the defendants to steal, receive and possess goods moving in interstate commerce. Each of the remaining ten counts alleges individual thefts or unlawful receipts on the part of various groups of the defendants. No defendant is named in all the counts, although Alessi is mentioned in all but one. The issues presented are whether (1) joinder of the offenses in this indictment constitutes misjoinder; (2) the submission by the Government of a bill of particulars setting forth the substantive counts as overt acts of the conspiracy constituted in fact an unauthorized amendment of the indictment; and (3) the defendants are entitled to a severance on the ground of prejudicial joinder even if there is no misjoinder.

### I. *Misjoinder*

The propriety of the joinder of more than one defendant in an indictment is governed by Rule 8(b) of the Fed.Rules Cr.Proc., 18 U.S.C. 1 Wright, Federal Practice and Procedure § 143 (1969); 8 Moore's Federal Practice ¶8.05(1) (2d ed. 1969); Williams v. United States, 416 F.2d 1064, 1068 (8th Cir.1969); Cupo v. United States, 123 U.S.App.D.C. 324, 359 F.2d 990, 992 (7th Cir.1966), cert. denied, 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967); King v. United States, 355 F.2d 700, 703 (1st Cir.1966); United States v. Spector, 326 F.2d 345 (7th Cir.1963); United States v. Quinn, 365 F.2d 256 (7th Cir.1966); Williamson v. United States, 310 F.2d 192, 197 n. 16 (9th Cir.1962). But see United States v. Bentvena, 193 F.Supp. 485, 491–492 (S.D.N.Y.1960), aff'd in part and reversed in part on other grounds, 319 F.2d 916 (2d Cir.1963), cert. denied sub nom. Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963). The rule reads:

> "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

The question posed is whether the acts alleged in the indictment form a series of acts constituting an offense or offenses as those terms are used in the rule. The defendants argue that there is nothing in the indictment to indicate that the substantive acts are a part of the same series and that the failure of the indictment to specify the substantive violations as overt acts of the conspiracy conclusively establishes that there is an insufficient nexus between the acts to meet the Rule 8(b) series test. The Government disputes this contention by pointing out that counts 3–11 each allege

a theft of merchandise from Building 67, Export Section, Pan American Airways Cargo Division, John F. Kennedy International Airport, by Alessi as a common defendant with groupings of other defendants. When this is viewed in light of the additional fact that the conspiracy count charges these same defendants with conspiring to steal merchandise from the same Air Cargo Division, we are drawn to the conclusion that the indictment sufficiently alleges that the defendants participated in a series of acts constituting the offenses. United States v. Bryant, 364 F.2d 598 (4th Cir.1966). But since Alessi is not mentioned in count two and that count involves the possession of stolen merchandise rather than a theft from Building 67 of Kennedy Airport, the court grants the motion to sever that count. Being fully aware of the prejudice inherent in a multiple defendant trial (see Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and Mr. Justice Jackson's concurrence in Krulewitch v. United States, 336 U.S. 440, 445, 69 S.Ct. 716, 93 L.Ed. 790 (1949)), the court, as further assurance of the related nature of the offenses charged, required formal representations from the Government that what appeared to be a series of acts were in fact a series. King v. United States, *supra,* 355 F.2d at 704. In compliance with this request the Government filed a bill of particulars setting forth the substantive violations as overt acts of the conspiracy. Since we have found that the series requirement of Rule 8(b) has been satisfied by the indictment itself, the gratuitous filing of a bill of particulars by the Government at the instance of the court clearly does not give the defendants any cause to complain.

■ Assuming, however, that the indictment does not sufficiently allege a series, we are of the opinion that the requisite nexus can be supplied by a bill of particulars such as the one utilized in this case. Rule 8(b) is intended to proscribe joinder only where the presumptive benefits from joinder are clearly

outweighed by the potential prejudice to the defendants. King v. United States, *supra,* 355 F.2d at 703. The rule indicates that the balance favors joinder when it is alleged that the defendants have participated in a series of acts constituting an offense or offenses. We can see no valid reason why this allegation cannot be spelled out by means of formal particularization by the Government of an existing allegation. The defendants' contention that to sustain joinder the connection must be gleaned from the face of the indictment without more has been rejected. Griffin v. United States, 272 F.2d 801, 802 (5th Cir.1959), as corrected on denial of rehearing, 273 F.2d 958 (5th Cir.1960) (connection supplied by evidence at trial); United States v. Garrison, 265 F.Supp. 108, 111 (M.D.Ga.1967). Clearly the defendants are no more prejudiced by the adopted procedure than they would have been had the substantive violations been originally alleged as overt acts of the conspiracy in the indictment. The grand jury had before them both the substantive and the conspiracy counts and the joinder of the two was a matter of draftsmanship which could be accomplished by a bill of particulars. And surely the important benefits to the administration of justice of avoiding multiple trials involving the same evidence and issues are present in both cases. In short, the concert of action on the part of the defendants exists in both cases and is an appropriate reason for permitting joinder in both cases.

## II. *Bill of Particulars does not amend the indictment*

■ Florio, however, now makes the additional argument that whether or not the adopted procedure violates Rule 8, its use in this case amounts to an unconstitutional amendment of the indictment. This contention is devoid of merit. The courts properly hold that the charging part of an indictment cannot be changed by a court to suit its own notions of what it ought to have been or what the grand jury would probably

have made it if their attention had been called to the suggested changes. The purpose of this rule and the constitutional requirement that a man be indicted by a grand jury in certain cases "is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." Stirone v. United States, 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Russell v. United States, 369 U.S. 749, 771, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). There has been no amendment of the indictment in the instant case for there has been absolutely no change in the charging part of the indictment; neither the necessary elements of the offenses nor the nature of the offenses themselves have been altered. Listing the substantive violations as overt acts of the conspiracy cannot result in the defendants being held liable for any offense not adequately charged in the indictment. The offenses remain the same and the proof that may be offered to establish them also remains constant. See United States v. Silverman, 430 F.2d 106 (2d Cir., July 1, 1970).

### III. *Prejudicial Joinder*

 Defendants' alternative argument that Rule 14 entitles them to a severance of the conspiracy from the substantive counts because they desire to testify with respect to count 1 of both indictments and not as to the remaining counts is also without merit. Where joinder is proper under Rule 8, a severance may be granted only where the defendant can establish that he will be severely prejudiced from a joint trial of the counts. United States v. Wallace, 272 F.Supp. 838, 841 (S.D.N.Y.1967). A statement that the defendant wishes to testify pertaining to some counts but not other counts is entirely too speculative and problematical to establish such prejudice. Wangrow v. United States, 399 F.2d 106, 112 (8th Cir.1968), cert. denied, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968); United States v.

Baker, 262 F.Supp. 657, 687 (D.D.C. 1966).

At the actual trial circumstances may arise which will enable the defendant to demonstrate that he is being prejudiced by an incapacity to testify with respect to some but not other counts or for other reasons. See Cross v. United States, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964). It is at that point that the court will determine whether the facts justify a severance. At this time the motion for severance, except as to count two, must be and hereby is denied with leave to renew at the appropriate time at trial. So ordered.