### UNITED STATES of America

v.

### Mary L. OWENS, Richard Owens and Attalah Sturges.

### No. 3:93cr00002 (PCD).

United States District Court, D. Connecticut.

June 7, 1993.

U.S. Atty. Albert S. Dabrowski, Asst. U.S. Attys. Jonathan A. Bailey and Leonard C. Boyle, Hartford, CT, for plaintiff.

Richard S. Cramer, Wethersfield, CT, Elton R. Williams, Meriden, CT, Thomas G. Dennis, Federal Public Defender's Office, Hartford, CT, for defendants.

## RULING ON MOTION
## FOR SEVERANCE
## OF COUNTS

DORSEY, District Judge.

Defendants have been indicted for conspiring to defraud the United States by forging the endorsement of a deceased person on social security checks and negotiating them. Defendant Sturges moves pursuant to Fed. R.Crim.P. 14 and the Due Process and Self-Incrimination clauses of the Fifth Amendment to sever Count One, which charges conspiracy to defraud the United States under 18 U.S.C. § 371, from Counts Seven and Eight, which allege the negotiation of checks bearing forged endorsements, misdemeanor violations of 18 U.S.C. § 510.

*Discussion*

Two or more offenses may be charged in the same indictment if the offenses: (1) are of the same or similar character; (2) are based on the same act or transaction; (3) are based on connected acts or transactions; or (4) are based on acts or transactions that constitute parts of a common scheme or plan. Fed.R.Crim.P. 8(a). Despite proper joinder under Rule 8(a), a court may exercise its discretion to sever the counts under Fed. R.Crim.P. 14.

■■■ A defendant seeking severance under Rule 14 must show that she would suffer substantial prejudice from a denial of such relief. *United States v. Werner,* 620 F.2d 922, 928 (2d Cir.1980); *United States v. Ochs,* 595 F.2d 1247, 1260 (2d Cir.), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979). To warrant severance, the prejudice must be of such a degree that the defendant's rights cannot adequately be protected by cautionary instructions to the jury and that, without a severance, she would be denied a fair trial. *United States v. Jamar,* 561 F.2d 1103, 1107–08 (4th Cir.1977); *United States v. Long,* 697 F.Supp. 651, 662 (S.D.N.Y.1988). The determination rests in the sound discretion of the district court.

*See, e.g., United States v. Weisman,* 624 F.2d 1118, 1130 (2d Cir.), *cert. denied,* 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980).

■■■ In support of her motion for severance, Sturges claims that she presently intends to testify in connection with the conspiracy count, but not in connection with the negotiation counts. A defendant seeking severance on such grounds must present particularized information:

> concerning the testimony the defendant wishes to give and his reasons for remaining silent on the joined counts, so that the court can make an independent evaluation of whether the defendant will be prejudiced to an extent that outweighs the interests favoring joinder.

*Jamar,* 561 F.2d at 1108 n. 9. According to Sturges, her testimony on the § 371 charge would consist of a denial that she participated in a conspiracy or intended to defraud the United States, and an assertion that her involvement was solely as an accommodation to the co-defendants. She states that this testimony could incriminate her with respect to the § 510 charges. Her wish is not controlling. Her testimony, as suggested, and cross-examination, will touch if not involve the negotiation counts which underlie the conspiracy. The same or related conduct bears on the conspiracy and the negotiation.

Defendant has not made "a convincing showing that [s]he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Baker v. United States,* 401 F.2d 958, 977 (D.C.Cir.1968). Severance may be required but usually as to offenses "clearly distinct in time, place and evidence." *Id.* at 976, quoting *Cross v. United States,* 335 F.2d 987, 989 (D.C.Cir.1964). The jury will be instructed that each charge must be considered separately and that the decision on one charge should not be influenced by the decision on the other. Nor is it clear that the testimony which Sturges may offer as to the conspiracy charge would be any less self-incriminating in a second trial. What she apparently must concede, if she testifies, is that though she joined no conspiracy, what

she did may constitute evidence of her complicity in the negotiation of the checks.

On the other hand, the interests favoring joinder include the fact that the offenses are not distinct in time, place or evidence. *Cf. Cross,* 335 F.2d at 989. The evidence which the government will necessarily introduce for both the § 371 violation and the § 510 violations involves proof of the alleged negotiation of forged treasury checks. All the charges share common issues of fact based substantially on the same evidence. If movant is entitled to a severance on the facts here, then defendants, by asserting a right to testify on one or more but not all counts otherwise related, joinder of which is warranted, can dictate multiple trials on related charges. This cannot be the rule but movant must show a distinction between the facts and law on which the several charges are based from which a right can reasonably be found to allow testimony on the limited offenses which would be distinct from the facts on which the severed counts would be based. *See Baker,* 401 F.2d at 977.

"A statement that the defendant wishes to testify pertaining to some counts but not other counts is entirely too speculative and problematical" to establish that a joint trial of the counts would cause defendant substantial prejudice. *United States v. Florio,* 315 F.Supp. 795, 798 (E.D.N.Y.1970); *see Wangrow v. United States,* 399 F.2d 106, 112 (8th Cir.), *cert. denied,* 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968). Whether a different showing may subsequently be made must await another day.

*Conclusion*

Accordingly, defendant Sturges' motion for severance of counts (document # 22) is denied with leave to renew.

SO ORDERED.