198

UNITED STATES of America

v.

**Edwin PALACIOS, Jason Palacios, Anthony Barreto, John Fontanes, Mauro Garcia, and Angel Jiminez, Defendants.**

No. S1 96 CR. 372 (MGC).

United States District Court,
S.D. New York.

Dec. 23, 1996.

Mary Jo White, United States Attorney for the Southern District of New York, New York City by Sharon McCarthy, Assistant United States Attorney, for U.S.

Law Offices of Gail E. Laser by Gail E. Laser, New York City, for Defendant Angel Jiminez.

John Burke, Brooklyn, New York, for Defendant John Fontanes.

John J. Jacobs, New York City, Law Offices of Larry Bronson, by Scott E. Leemon, Jersey City, New Jersey, for Defendant Mauro Garcia.

## OPINION

CEDARBAUM, District Judge.

The original indictment in this case charged six counts against Edwin and Jason Palacios for various crimes in connection with a September 14, 1994 murder and robbery of Alexander Vulfson. A superseding indictment was subsequently filed charging four new defendants, Anthony Barreto, John Fontanes, Mauro Garcia, and Angel Jiminez, with conspiring and attempting to murder Jose Suarez on January 10, 1995. The superseding indictment left the six counts against the Palacios unchanged.

Angel Jiminez, joined by John Fontanes and Mauro Garcia, moves to sever for separate trial Counts Seven and Eight of the superseding indictment, the only counts in which they are named, from Counts One through Six, the counts naming the Palacios. For the reasons discussed below, the motion for severance is granted pursuant to Fed. R.Crim.P. 8(b).

### The Indictment

Counts One through Six of the superseding indictment (hereinafter simply "the indictment") charge Edwin and Jason Palacios with various crimes arising in connection with the conspiracy to murder and rob Alexander Vulfson, a cab driver in Brooklyn. Counts Seven and Eight charge Anthony Barreto, John Fontanes, Mauro Garcia, and Angel Jiminez with conspiracy to murder and attempted murder of Jose Suarez on January 10, 1995. Neither Edwin nor Jason Palacios is charged in Counts Seven and Eight, and none of the moving defendants is charged in Counts One through Six.

### Discussion

Fed.R.Crim.P. 8(b) governs the joinder of defendants. It provides as follows:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

■ Joinder of the moving defendants with Edwin and Jason Palacios is not proper under the plain language of Rule 8(b). The indictment does not allege that the moving defendants participated in "the same act or transaction or in the same series of acts or transactions constituting ... [the] offenses" charged against Edwin and Jason Palacios. Furthermore, Counts Seven and Eight charge conduct in furtherance of a different conspiracy from the conspiracies charged against the Palacios. On the face of the indictment, the only common thread between the two sets of defendants is that both are charged with criminal conduct allegedly committed in connection with the Almighty Latin King Queen Nation ("Latin Kings"). This connection does not transform the disparate criminal conduct into the same act or transaction or the same series of acts or transactions. If this connection were sufficient to meet the Rule 8(b) standard, all members of the Latin Kings who committed crimes could be joined in a single indictment.

The Second Circuit has construed the language of Rule 8(b) to mean that joinder of defendants charged in separate counts is proper only where the conduct charged is " 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.' " *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir.1989) (quoting *United States v. Porter*, 821 F.2d 968, 972 (4th Cir.1987), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988)). *See also United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 680, 112 L.Ed.2d 672 (1991); *United States v. Carrozza*, 728 F.Supp. 266, 269 (S.D.N.Y.1990), *aff'd*, 956 F.2d 1160 (2d Cir. 1992). This construction of Rule 8(b) has been applied primarily in cases in which there was some overlapping of defendants and charges. The government has not cited and I have not found a case approving joinder of defendants in separate counts of an indictment which contained no commonality of defendants or conduct.[1] In any event, joinder is improper under Rule 8(b) because the indictment does not charge either a common plan or scheme among the two sets of defendants or an identity of facts or participants.

■ There is conflicting authority as to whether the propriety of joinder must be determined on the face of the indictment. *See United States v. Menashe*, 741 F.Supp. 1135, 1138 n. 6 (S.D.N.Y.1990); *United States v. Moon*, No. 88 Cr. 64, 1988 WL 88056 (N.D.N.Y. Aug. 22, 1988) (recognizing split authority but determining propriety of joinder on face of indictment) (citing cases); *United States v. Florio*, 315 F.Supp. 795, 797

---

1. In *United States v. Turoff*, 853 F.2d 1037 (2d Cir.1988), *United States v. Biaggi*, 909 F.2d 662 (2d Cir.1990), *cert. denied*, 499 U.S. 904, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991); *Attanasio*, 870 F.2d 809, and *Carrozza*, 728 F.Supp. 266, there was at least one common defendant. Only *Cervone*, 907 F.2d 332, was a case in which the defendant seeking to sever the counts against him was not named in any other counts and was named alone in the counts in which he was named. The court in *Cervone* emphasized the fact that the defendant's racketeering charge involved the same bribe payment that was at issue in another count. *Id.* at 341.

(E.D.N.Y.1970) (propriety of joinder can be proven by bill of particulars). This question need not be resolved here, because joinder is improper under Rule 8(b) even if the government's proffer of facts outside the indictment is considered.

The government alleges in its memorandum of law that Suarez, the victim of Counts Seven and Eight, assisted Edwin and Jason Palacios in obtaining guns and was present when they murdered Vulfson. Gov't Memo. at 4. According to the government's memorandum, Suarez and the Palacios fell out of favor with the Latin Kings because of the murder. *Id.* As a result, Suarez and the Palacios were punished with a beating, and it was ordered that Suarez be punished by death. *Id.* The moving defendants' attempt to inflict this punishment on Suarez is the basis of the charges against them in Counts Seven and Eight. *Id.* at 4–5.

. From this, the government argues that the two separate schemes charged against entirely different defendants are "inextricably linked." Gov't Memo. at 4. What the government is arguing. is that the motive for the separate conspiracy charged against the moving defendants in Counts Seven and Eight was the commission by the Palacios of the crimes charged in Counts One through Six. Although some evidence of motive, and thus some overlapping proof, may be presented at a trial of Counts Seven and Eight, the proof required for the crimes charged in Counts Seven and Eight is substantially different from the proof required for the crimes charged in Counts One through Six. There may be a historic connection between the two sets of crimes, but that is not the Rule 8(b) test.

. ■ The government's additional allegations outside the indictment do not show that the moving defendants participated in the same act or transaction or in the same series of acts or transactions. Nor do the government's allegations provide a "substantial identity of facts or participants" or "a common plan or scheme" as between Counts Seven and Eight and the six counts against the Palacios. *United States v. Attanasio,* 870 F.2d at 815. The moving defendants did not participate in the murder of Vulfson. Edwin and Jason Palacios did not participate in the moving defendants' attempted murder of Suarez. The only identity of facts or participants is that the victim of the crimes charged against the moving defendants was allegedly present during the commission of the crimes charged against the Palacios. With respect to a common plan or scheme, the plan or scheme that led to the murder and robbery of Vulfson did not contemplate the attempted murder of Suarez.

### Conclusion

For the foregoing reasons, the joinder of the moving defendants with the Palacios is not proper under Fed.R.Crim.P. 8(b),[2] and the motion for severance is granted.

SO ORDERED.

---

**2.** It is unnecessary to reach the issue of prejudice under Fed.R.Crim.P. 14, because joinder is not proper under Fed.R.Crim.P. 8(b).