# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-11085
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anjum Zafar Mian,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-60-1

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Anjum Zafar Mian of 15 counts related to sex trafficking, some of which involved juveniles. The district court sentenced him to concurrent prison terms within the Sentencing Guidelines range for each count of conviction—either life imprisonment or, where applicable, the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

statutory maximum of 10 or 30 years of imprisonment, followed by a lifetime of supervised release. He now appeals.

The district court did not abuse its discretion by denying Mian's motion to substitute counsel. As Mian concedes, the motion "came on the eve of trial," and granting it would have required a continuance. Those were appropriate reasons to deny the motion, especially given his counsel's responses to his complaints. *See United States v. Neba*, 901 F.3d 260, 265-66 (5th Cir. 2018); *United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980).

Mian also asserts that the Government failed to prove, on all counts, an effect on interstate commerce, but he correctly concedes that his contention is foreclosed by binding precedent. *See United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014). Here, there is ample evidence that Mian's crimes involved the use of hotels and the internet, which is sufficient under our precedent to establish the requisite nexus between his acts and interstate commerce. *See id.*

Next, Mian contends that the Counts 1 through 4 of the superseding indictment were multiplicitous because Counts 1 and 3 involved the same victim and the same conduct, as did Counts 2 and 4. Our review is for plain error. *See United States v. Vasquez*, 899 F.3d 363, 380 (5th Cir. 2018); Fed. R. Crim. P. 12(b)(3)(B)(ii). We conclude that there was no clear or obvious error because the challenged counts charged Mian with violations of 18 U.S.C. §§ 1591(b)(1) and (b)(2), respectively, and courts have held that convictions under subsections (b)(1) and (b)(2) are not multiplicitous. *See United States v. Keys*, 747 F. App'x 198, 205-06 (5th Cir. 2018); *United States v. Taylor*, 44 F.4th 779, 795 (8th Cir. 2022). Thus, Mian has not met his burden of establishing plain error. *See Vasquez*, 899 F.3d at 373.

Mian further asserts that the evidence adduced at trial was insufficient to convict him on Counts 11 and 14. Mian suggests that whether a defendant

can "transport" a victim who travels on her own accord is a matter of first impression in this court. It is not. A defendant may "transport" a victim by causing the victim to be transported or by acting through an agent, as Mian acknowledges, and this court has affirmed convictions in similar circumstances to this case. *See, e.g.*, *Griffin v. United States*, 272 F.2d 801, 803-04 (5th Cir. 1959), *opinion corrected on denial of reh'g*, 273 F.2d 958 (5th Cir. 1960); *United States v. Clemones*, 577 F.2d 1247, 1253 (5th Cir.), *modified*, 582 F.2d 1373 (5th Cir. 1978). Mian's out-of-circuit citations support, rather than undermine, this conclusion. *See, e.g.*, *United States v. Holland*, 381 F.3d 80, 86 (2d Cir. 2004); *United States v. Footman*, 215 F.3d 145 (1st Cir. 2000). Here, viewing the evidence in the light most favorable to the Government, a rational trier of fact could find that Mian aided and abetted his co-conspirators in arranging for his victims' interstate travel and lodging, with the dominant motive of having his victims engage in prostitution. *See United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011); *United States v. Campbell*, 49 F.3d 1079, 1082 (5th Cir. 1995).

Finally, Mian has not met his burden of showing that his within-Guidelines life sentence is substantively unreasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court expressly accounted for his history and characteristics, as well as other relevant sentencing factors, and given the seriousness of his offenses, the sentence does not represent a clear error of judgment. *See id.*; *United States v. Lugo–Lopez*, 833 F.3d 453, 461-62 (5th Cir. 2016); *United States v. Romans*, 823 F.3d 299, 323 (5th Cir. 2016).

Accordingly, the district court's judgment is AFFIRMED.